Stewart v. Smith.

Filed Sept. 21, 1887.

◆

No. 12,625.

STEWART v. SMITH.

EVIDENCE.—*Foreclosure of Mortgage.—Payment.—Set-Off.*—Where the issue joined upon a complaint to foreclose a mortgage, executed to secure unpaid purchase-money, is upon pleas of payment and set-off, evidence that the cash payment stipulated in the contract of sale has been made is not competent.

NEW TRIAL.—*Surprise.—Waiver.*—A party who sits by, and without asking a postponement takes the chances of a trial, can not, as a general rule, obtain a new trial on the ground of surprise.

PRACTICE.—*Order of Introducing Evidence.—Discretion of Trial Court.—Supreme Court.*—It is within the discretion of the trial court to admit or exclude in reply evidence that should have been given in chief, and unless there is an abuse of such discretionary power the Supreme Court will not disturb its decision.

From the Grant Circuit Court.

*R. W. Bailey*, for appellant.

*A. Steele* and *R. T. St. John*, for appellee.

ELLIOTT, J.—The question presented to the trial court for decision was as to the amount due upon a note and mortgage executed by the appellant, so that the only evidence relevant or material was such as tended to show payment of the note or to prove items of set-off. It is, therefore, clear that no error was committed in rejecting testimony that the appellee stated that the appellant had paid him the cash payment

which had been agreed upon as part of the purchase price of the land on which the mortgage was executed. Where the issue joined upon a complaint to foreclose a mortgage, executed to secure the unpaid purchase-money, is upon a plea of payment and a plea of set-off, evidence that the cash payment stipulated in the contract of sale has been made is not competent.

A party who sits by, and without asking a postponement takes the chances of a trial, can not, as a general rule, obtain a new trial on the ground of surprise. There is nothing in this case to take it out of this general rule.

The defendant who pleads payment should offer all his evidence in chief, and has no right to divide it and offer part in reply. It is true the trial court may, in its discretion, admit the evidence in reply, but it is not bound to do so. The proper course is to offer all the evidence in chief, and the trial court may always require this to be done, unless some cause is shown for relaxing the rule. Some of the cases, indeed, go so far as to declare that it is error to admit in reply evidence that should have been given in chief, but the weight of authority is that the matter is within the discretion of the trial court. Where there is a discretionary power the appellate court will not reverse, unless there has been an abuse of the power, and there was none in this instance. There was no available error, therefore, in excluding the testimony tending to prove payment offered by the defendant after he had given his evidence in chief and the plaintiff had given his in answer.

Judgment affirmed.

Filed Sept. 21, 1887.