## No. 59.
### THE NOBLESVILLE GAS AND IMPROVEMENT COMPANY v. TETER.

BILL OF EXCEPTIONS.—*Presumption as to Time Given for Filing.—Parol Leave to File.*—If a bill of exceptions, duly signed, but without date, is filed at any time during the trial term, but after the date of such trial, and the motion for a new trial overruled, it will be presumed, on appeal, that time within the term for the presentation of the bill to the judge was given by parol at the proper time, and that the bill was presented to him within the time so allowed, even though the date of presentation is not stated in the bill.

NEGLIGENCE.—*Failure to Anticipate the Wrongful Act of Another.*—It is not negligence to assume that another will do his duty, or to fail to anticipate the fault of another.

SAME.—*Cattle at Large in a Town.—Excavation in Streets.*—It is not negligence in the owner of cattle to allow them to run at large in the streets of a town, where an ordinance thereof permits it, in which excavations are being made for the laying of gas-pipes.

SAME.—*Excavation in Street.—Guarding.*—One making an excavation in a public highway must keep it constantly guarded while it is dangerous.

SAME.—*Contributory.—Sufficient to Defeat Action.*—Negligence which will bar a recovery must have contributed directly and proximately to the injury of which the plaintiff complains.

EVIDENCE.—*Admission After Close of Case.*—It is within the sound discretion of the trial court to permit the plaintiff to introduce further evidence after the defendant has closed the case.

From the Hamilton Circuit Court.

*T. P. Kane* and *T. J. Davis,* for appellant.

*R. R. Stephenson* and *W. R. Fertig,* for appellee.

BLACK, C. J.—This was an action brought by the appel-

lee against the appellant to recover damages for the injury of a cow owned by. the former, whereby said cow was rendered of no value, and the appellee was compelled to kill her ; said injury having been occasioned by the falling of the cow into a trench for gas-pipe, which the appellant had excavated along a street of the city of Noblesville, and which the appellant allowed to remain open and unguarded.

The appellee recovered judgment for sixty dollars.

A motion for a new trial, made by the appellant, was overruled, and this ruling is assigned as error.

We are required first to notice the suggestion of the appellee that the evidence is not in the record.

The verdict was returned on the 13th of December, 1888, and judgment thereon was rendered the next day, after which, on the same day, the motion for a new trial was made and overruled. Thereupon, on the same day, a bill of exceptions containing the instructions given and those refused was filed. At the same term, on the 21st of December, a bill of exceptions containing the evidence was filed.

The appellee suggests that this second bill should not be regarded as a part of the record, because it does not appear that any time for the presentation of it was given when the motion for a new trial was overruled. It may be remarked that the date of the presentation to the judge is not stated in either of the bills.

We think that, under the provisions of the code of 1881, a bill of exceptions may preserve and bring into the record exceptions taken at the term at which it is signed and filed, and evidence given, and exceptions to rulings made, on the trial of a cause in which a motion for a new trial has been overruled at the term at which the bill is signed and filed, though the entry do not show that any time was allowed for the presentation of the bill, and the date of presentation be not stated in the bill. This court in such case will presume that time within the term for the presentation of the bill to the judge was given by parol at the proper time, and that

the bill was presented to the judge within the time so allowed, and will regard the purpose of the statutory requirement that the date of presentation shall be stated in the bill as having been accomplished. Sections 626, 629, R. S. 1881; *Board, etc.*, v. *Eperson*, 50 Ind. 275; *Volger* v. *Sidener*, 86 Ind. 545; *Lake Erie, etc., R. W. Co.* v. *Fix*, 88 Ind. 381; *Boyce* v. *Graham*, 91 Ind. 420; *Landers* v. *Beck*, 92 Ind. 49 (52); *Hale* v. *Matthews*, 118 Ind. 527.

The evidence showed that for some days before the injury in question, the appellant was excavating a trench east and west along a street of the city of Noblesville, near the south line of the roadway and north of the sidewalk, for the purpose of extending a line of pipe for conducting natural gas, and having made the excavation at the point where the animal was injured about two days before the injury, had laid gaspipe, three or four inches in diameter, in the trench at that point in the forenoon of the day of the injury, and had covered the pipe and partly filled the trench with loose earth. The trench was about eighteen inches wide. The witnesses differed as to its depth, and as to the distance from the top to the loose earth in it. The jury might have found from the evidence that it was three feet deep, and that it was two feet from the loose earth to the top of the trench. At noon the workmen so engaged left the trench in such condition and went to dinner, and then to the appellant's shops, and did not return till nearly two o'clock in the afternoon. During their absence the trench was wholly unguarded.

One Royer lived on the south side of the street nearly opposite the place of the injury, in a new house, which, with some other new houses in the immediate vicinity, was not enclosed by fencing. Soon after noon Royer found said cow with four or five others at a pump south of his house, and by hallooing, but not throwing anything at them or using any violence, drove them off his premises. They passed over the sidewalk and across the trench, and the appellee's cow, in crossing, stepped into the ditch and sank in

the soft earth and broke one of her hind legs, becoming thereby so injured that the appellee caused her to be killed. The other cows passed over the trench without injury.

By order of the board of commissioners of the county, and under an ordinance of the city, cows were permitted to run at large within the city in the day time. The appellee had turned out his cow to run at large in the morning of the day of her injury. She had been in the habit of ranging in this part of the town.

During the time the trench was being excavated, and while it remained open, the appellee had driven along the street, and in so passing had seen the open ditch, and in the forenoon of the day on which the cow was injured he had seen the workmen engaged in digging the trench.

It does not appear that when seen by the appellee the trench was in the dangerous condition in which it was left when the cow was injured, or that when seen by the appellee the trench was, or appeared to be, in a dangerous condition.

The appellant has urged objections to the first, second and fifth instructions given at the request of the appellee, and to the refusal of the court to give the third and eighth instructions asked by the appellant, and to the modification of its tenth instruction.

The objections to the giving of the first instruction asked by the appellee and the refusal to give the third instruction asked by the appellant, present the inquiry whether the court should have submitted to the jury the question as to whether the appellee was chargeable with contributory negligence in turning his cow out to run at large in the morning of the day on which she was injured.

Under the permission granted by the order of the board of commissioners and the ordinance of the city, the appellee could permit his cow to run at large without being chargeable with fault, unless knowledge of the fact that the appellant was excavating a trench which would not endanger her unless the appellant should be guilty of fault in connection

therewith, would preclude appellee from the enjoyment of his valuable privilege.

The injury to the cow occurred when the trench was left in a dangerous condition, wholly unguarded, for the space of nearly two hours. The appellant had a right to make the excavation for the purpose of laying gas-pipe. But when the trench was in the condition in which it was left by the workmen at noon, it was the duty of the appellant toward all others who might suffer loss or injury from it because of its condition, to guard against such injury.

The appellee, notwithstanding his knowledge that a trench was being excavated, and that his cow was accustomed to range in that part of the town, was not required to anticipate, when he turned her out in the morning, that the appellant would leave the trench at noon in a dangerous condition wholly unguarded. One need not relinquish his valuable legal right in anticipation of an unlawful violation of it. It is not negligence to assume that another will do his duty in such a matter, or to fail to anticipate such a fault of another.

It was not the duty of the appellee to guard the trench, or to keep his cow from running at large because of fear or doubt concerning the performance by the appellant of its duty in respect to the trench. The right of the appellee to recover could not be affected by his having contributed to the injury by his act unless he was in fault in so doing.

A railroad company can not be expected or required to guard its highway crossings, and it is not negligence for it to fail to do so ; and the owner of domestic animals authorized to run at large has no right to expect that public railway crossings, or places at which the railway company can not be required to fence, shall be guarded to protect his cattle from injury. It is negligence for him to permit them to stray unattended to the vicinity of such a place, where he must expect that they will be in constant danger without regard to the care, or want of care, exercised in running trains, and where he must know, also, they will be liable to endanger the

lives of passengers and persons operating the trains ; and if the animals be injured under.such circumstances, without wrong amounting to wilfulness, on the part of those operating trains, his contributory fault in permitting them to roam unattended near a place of manifest danger which can not be guarded, unless he guard it himself, will bar a recovery for the injury.

But a trench excavated by a gas company in a public highway may be guarded at all times, and the company is bound to keep it guarded constantly while it is dangerous ; and the owner of cattle which may lawfully run at large may reasonably expect that such duty to the public will be performed by the company enjoying the granted right of making such an excavation ; and it is not negligence for him to fail to anticipate a breach of such duty.

If one do such an unlawful act he is liable for the injury done thereby, without reference to any probability that it would occasion that particular injury.　*Durham* v. *Musselman*, 2 Blackf. 96.

The injury to the cow could not be said to have been a natural or probable result of the lawful act of turning her out to run at large.　Negligence which will bar a recovery must have contributed directly and proximately to the injury of which the plaintiff complains.

We think the court did not err in refusing to submit to the jury the question whether the appellee was chargeable with contributory negligence.

By the objections urged to the second instruction given at the request of the appellee, and the refusal to give the eighth instruction requested by the appellant, and the modification of its tenth instruction, the question is presented whether the appellant could be held responsible for the injury caused by its negligence in question, in connection with the act of Royer in driving the cow from his premises.

The particular injury would not have occurred if Royer had not driven the cow from his premises, in leaving which

she passed to and into the trench; and Royer's act would not have caused the injury if the ditch had not been left in a dangerous condition unguarded.

The animal being lawfully at large, and Royer's lot being uninclosed, the cow could not be regarded as a trespassing animal, and the appellee was not chargeable with fault because of her presence upon the lot. See sections 2637, 3106, clause 21, 4835, R. S. 1881.

We need not decide whether, if the act of Royer could be said to have been wrongful, it was of such a character that, under the circumstances, the appellant should have guarded against it. Royer in driving the cow from his premises, using no unnecessarily violent means, was not in fault. The cow upon his lot was not under the protection of a positive right to be and remain there, but she was there rather by way of enjoyment of an immunity. *Knight* v. *Abert*, 6 Pa. St. 472; *Chicago, etc., R. R. Co.* v. *Patchin*, 16 Ill. 198.

There was no indication that Royer purposely caused the cattle to cross the ditch. He was not bound to guard the ditch, or to prevent the cattle from going into it. The appellant's wrong was naturally adapted to produce injury of the kind which resulted, and the injury should be referred to the wrong of the appellant, passing by the innocent intervening act of Royer. See 3 Lawson Rights, R. & Pr., section 1029; *Billman* v. *Indianapolis, etc., R. R. Co.*, 76 Ind. 166; *City of Crawfordsville* v. *Smith*, 79 Ind. 308; *Binford* v. *Johnston*, 82 Ind. 426; *Terre Haute, etc., R. R. Co.* v. *Buck*, 96 Ind. 346.

In the fifth instruction given at the request of the appellee, the court informed the jury concerning the duty of the appellant in relation to the trench, and stated its responsibility for a failure to perform that duty. If what we have already said concerning the other instructions is correct, we need not extend this opinion by further notice of this one.

Another question presented to us relates to the admission of certain evidence on behalf of the appellee, after the close

of the evidence for the appellant. The objection urged being that the evidence so admitted, while it would have been admissible to support the cause of action if offered at the proper time, was not admissible in rebuttal.

This was a question within the sound discretion of the trial court, and the discretion does not appear to have been abused or to have been exercised to the injury of the objecting party. *State, ex rel.,* v. *Parker,* 33 Ind. 285; *Carter* v. *Zenblin,* 68 Ind. 436; *Noblesville, etc., Co.* v. *Gause,* 76 Ind. 142; *Stipp* v. *Claman,* 123 Ind. 532.

It is also insisted that the verdict was not sustained by sufficient evidence, and that it was contrary to law; but this objection proceeds upon the same theories as those discussed in connection with the instructions.

We find no error.

The judgment is affirmed, with costs.

Filed May 12, 1891.