No. 830.

## BALDWIN v. THRELKELD.

PLEADING.—*Complaint, Sufficiency of.—Theory of.—Damages.—Sale of Forged and Worthless Note.*—Where a paragraph of complaint alleges, substantially, that the defendant sold and assigned to the plaintiff, by separate instrument, a certain promissory note, alleging date of note, date of assignment, amount of consideration, names of makers and payee; that the note so sold and assigned was a forgery; that by reason thereof the note is absolutely worthless, and that plaintiff has been damaged in the sum of $800, etc., such plead-

Baldwin *v.* Threlkeld.

ing is sufficient on the theory of injury and damage by reason of the sale to plaintiff of the forged and worthless note.

SPECIAL FINDING.—*When Sufficient.*—A special finding will be sufficient which contains the ultimate facts necessary to support the conclusions of law, disregarding evidentiary facts and conclusions of law stated therein.

SAME.—*When Delivery Need Not Be Shown.*—*Presumption.*—It is not necessary that a special finding, in an action for balance of purchase price of a personal chattel, should show a delivery. The sale being complete, it will be presumed that the vendee obtained possession.

VENDOR AND VENDEE.—*Sale.*—*Assignment of Forged and Worthless Note.*—*Action for Value of Articles Sold.*—*Personalty.*—Where a vendor sold a horse of the value of $500, and accepted therefor the vendee's note for $50 and the assignment of another note which proved to be forged and worthless, the vendor had a right to disregard the assignment and sue for the value of the horse.

APPELLATE COURT PRACTICE.—*Discussion, What Amounts to.*—Simply referring to a ground of objection stated in the trial court, and insisting that the objection there made should have been sustained, does not amount to a discussion, and presents no question for the consideration of the court.

SAME.—*When Ruling of Trial Court Will be Upheld.*—If the ruling of the trial court can be supported upon any theory, whether the same was advanced at the time of the ruling or not, it must be upheld.

EVIDENCE.—*Transcript of Record of an Action.*—*When Admissible in Subsequent Action.*—*Assignment.*—Where a written assignment of a note shows that an action on the note was pending at the time the assignment was executed, it is proper to admit in evidence, in a subsequent action thereon by the assignee, a certified transcript of the record of such action showing the result thereof.

SAME.—*Proof of Contents of Destroyed Letters.*—*Discretion.*—The court may, in its discretion, reject evidence offered by plaintiff to prove the contents of letters destroyed by him after he had instituted his action; the court having the right to deduce, from such act, the inference of fraudulent design.

SAME.—*Original Evidence, When May be Given.*—*Discretion.*—It is within the discretion of the court to admit original evidence at any stage of the proceeding, and unless abuse of discretion is shown, there can be no cause for reversal.

Opinion on petition for rehearing by REINHARD, J.

From the Clinton Circuit Court.

*G. W. Paul* and *M. W. Bruner*, for appellant.
*P. S. Kennedy* and *H. H. Ristine*, for appellee.

REINHARD, J.—The appellee sued the appellant in the court below, the complaint being in two paragraphs. There was no demurrer filed to either paragraph of the complaint, but there is an assignment of error that the first paragraph fails to state facts sufficient to constitute a cause of action.

The substance of the averments of this paragraph is, that on the 8th day of October, 1888, the appellant sold and assigned to the appellee, by separate instrument, a certain promissory note, dated November 8, 1887, and purporting to be signed by John L. Bryan and William Bryan, payable to the order of the appellant, for the sum of $582.05, and due one day after date; that the consideration paid for said note and the assignment thereof was a stallion of the value of $700; that copies of the written assignment and the note are filed with this paragraph of complaint; that the promissory note so sold and assigned to the appellee was a forgery, and was not executed by said William Bryan; that, by reason of such forgery, the said note is absolutely worthless, and that appellee has been damaged in the sum of $800, for which he demands judgment.

The appellant's counsel have not pointed out any objection to this complaint, which would render it bad on assignment of error, and we have discovered none. Its theory is that the appellee has been damaged by reason of the sale to him of the forged and worthless note.

Counsel argue that there is a wide difference between an assignment and an indorsement of a note, and we fully agree with them in their position. But there is no need for drawing any such distinction here, for the reason that this is not an action against an indorser, and is not claimed to be such. Some question is also attempted to be made as to the correct measure of damages in such a suit, but no such question is involved in the

objection to the complaint. The appellee, by this paragraph, shows himself entitled to recover some damages. He would be entitled, on the facts averred, to recover the amount he paid for the note. Whether the amount he should recover would be the actual value of the horse or the price agreed upon, without regard to the value, is not raised by this pleading.

The second paragraph of the complaint was in the nature of an action on an account for the value of a horse sold and delivered by appellee to appellant, for the price of $650, of which sum $50 had been paid by the appellant. To this paragraph an answer was filed in two paragraphs, viz:

1. The general denial.

2. Payment for the horse before the action was commenced.

The appellee filed a general denial in reply to the second paragraph of answer, and the cause was submitted to the court for trial.

At the request of the parties, the court made a special finding of facts and legal conclusions.

The second specification of error is that the court erred in its conclusions of law from the facts found. It is insisted, in the first place, that the special finding contains only items of evidence and not ultimate facts. The special finding is, in substance, that on the 8th day of October, 1888, the appellant commenced an action in the Chancery Court of Kenton county, Kentucky, against John L. Bryan and William Bryan, upon a promissory note of the tenor set out in the finding; that afterwards, on the same day, appellee sold to appellant a saddle horse, of the value of $500, and received from appellant his note for $50, which was afterwards paid, and a certain written assignment of the note sued on in the Kentucky court and the proceeds thereof. The assignment

is also set out in the finding. It is further found that this note was executed by John L. Bryan, but that William Bryan did not sign it; that John L. Bryan signed William's name to the note without legal authority to do so, and without the knowledge or consent of said William; that at the time said suit was commenced in the Kenton Chancery Court of Kentucky, said John L. Bryan was wholly insolvent, and was a nonresident of the State of Kentucky; that William Bryan was then solvent; that in said suit the said William Bryan filed a separate answer of *non est factum*, duly verified; that upon the filing of such answer, John L. Bryan dismissed said action; that the note so sued upon was given in renewal of another note before executed by John L. and William Bryan to the appellant for a valuable consideration, the said John L. signing the name of said William Bryan to said original note, with full authority to do so from said William; that no part of said assigned note has been paid; that, at the time appellee accepted said assignment, he knew that said John L. Bryan was insolvent, and that he relied upon the genuineness of said note so assigned and upon the solvency of said William Bryan for its payment.

From these facts the court concludes:

1. That the assignment of the note in question was not a payment of any part of the value of said horse so sold by appellee to appellant.

2. That appellee is entitled to recover the unpaid balance of such value, viz., $450.

We think, while these findings contain some evidentiary facts, they also contain sufficient ultimate facts to warrant the conclusions drawn by the court.

It is objected that the findings fail to show that there was any delivery of the horse. It is found that the appellee sold the horse to the appellant. The execution of

Baldwin *v.* Threlkeld.

the $50 note, even without the assignment of the Bryan note, made the sale a complete and not an executory one, and the title in the horse passed to the appellant.   Possibly the appellee might have had the right to have the sale annulled for the fraud of the forged note transaction, but certainly the appellant could not treat the sale as void for that reason.   The sale was not void under the statute of frauds, because the $50 note was a part payment of the price of the horse, and entitled the appellant to possession so long as the sale was not disavowed by the appellee.   The title in the horse having passed to the appellant, he could have brought replevin for him in case the appellee had refused to deliver him, and we must presume that he obtained such possession.   Having thus purchased the horse, he was legally bound to pay for him.   This he could not do with a forged note, and hence the finding that this note was no payment is correct.   It was not essential that the finding should show a delivery.

It is further complained that the finding fails to show the ultimate fact that the horse was not paid for, the appellant insisting that there can be no recovery without the finding of such fact.   If it be conceded that there is no such finding, it by no means follows that the failure to so find defeats the appellee's right to recover.   The answer of payment raised an affirmative issue which the appellant was bound to prove.   If the facts found do not determine this issue in his favor, the appellant fails in his plea.   *Vannoy* v. *Duprez*, 72 Ind. 26; *Dodge* v. *Pope*, 93 Ind. 480; *Gray* v. *Taylor*, 2 Ind. App. 155.

It is further urged that the ultimate fact as to how much was due the appellee was not found by the court. But the facts found, when taken together, show that there was due the appellee the sum of $450.   The appellant had purchased the horse, and it was of the value of

$500; $50 of this amount had been paid. These facts warranted the inference drawn by the court in its second conclusion, that the appellee was entitled to recover the unpaid balance of that value, to wit, $450, without a specific statement that the amount of $450 was still due.

Some question is made, also, that the facts found show no diligence in the collection of the note. We have already seen that the facts found amply support the second paragraph of the complaint, and the question of the assignment of the note may, therefore, be entirely disregarded. But if the first paragraph of the complaint were essential to a recovery upon the special finding, still the appellant's contention can not prevail on this point. The assumption underlying this contention is that the suit is upon an indorsement. Even if this were true, it would not be necessary to show diligence when diligence was unavailing. That it would have been unavailing, was shown by the fact that as to William Bryan the note was a forgery, and that John L. was insolvent and a nonresident of the State of Kentucky, where the appellee resided. But the first paragraph does not count upon an indorsement of the note, as we have already seen. It is an action for damages for the assignment of a forged and worthless note. The measure of damages in such case is the amount paid for the note, which, in the case at bar, was the value of the horse, less the amount paid.

The indorser of a note warrants the genuineness and ability of the maker to pay. *Alleman* v. *Wheeler*, 101 Ind. 141; *Herald* v. *Scott*, 2 Ind. 55.

If the maker is a nonresident of the State at the time of the maturity of the note, suit need not be brought against the maker before suing the indorser. *Sayre* v. *McEwen*, 41 Ind. 109; *Titus* v. *Seward*, 68 Ind. 456.

We are of the opinion, therefore, that the appellant's liability is established by the finding, even if he was

sued as an indorser of the note.   But we think the appellee had a right to disregard the assignment and sue for the value of the horse, as he did in the second paragraph of his complaint.   The exceptions to the conclusions of law are not sustained.

The last assignment of error is the overruling of the appellant's motion for a new trial.   It is urged that the evidence is insufficient to support the finding.   The appellant insists that there is no evidence of the fact that the note was not genuine as to William Bryan, other than the plea of *non est factum* filed in the Kentucky court, and that this plea furnishes no proof whatever of the forgery alleged.   In the last conclusion we quite agree with counsel, but they are in error in their assumption that no other evidence was adduced upon the point of the non-genuineness of the note.   The record discloses that "plaintiff, by his counsel, with the permission of the court, and consent of counsel on the other side, introduced and read in evidence the depositions of James W. Bryan and E. D. Seeley,   *   *   *   in words and figures following, to wit:"   After stating that he was a lawyer, and resided in Covington, Ky., the witness, Bryan, testified that the note in question was written by him, at his law office in Covington, Ky., and that it was given in renewal of another note signed by John L. and William Bryan, which he held for collection; that John L. Bryan signed his own name and that of William Bryan in the presence of the witness, and also in the presence of the appellant, and that John L. Bryan then stated, in the presence of the two, that he had no written authority to sign William's name, while Baldwin stated that 'it made no difference, as it would be settled through Lucky Baldwin, for whom John L. Bryan was to work in California.   D. A. Coulter, a banker, testified as an expert that in his opinion both names were written by

the same hand.  The appellant testified that William Bryan had signed his own name to the note, but the court was not compelled to accept this testimony as against that of the other two witnesses.  · The appellant did not proceed upon the theory that John L. Bryan had signed William's name by the latter's authority and consent, but that William himself wrote his name to the note.  In view of these facts the court had a right to accept the theory of the appellee, that the name of William Bryan was signed by John L. Bryan without the consent and authority of the former.  We regard the evidence as sufficient to warrant the court in its conclusion.

The next ground assigned in the motion for a new trial is, that the finding of the court is contrary to law.

The only discussion of this point made by appellant's counsel is a reference to their argument upon the first reason for a new trial, and, as we have already disposed of that, no further notice of the same will be necessary.

The appellant next complains of error of law occurring at the trial.  This alleged error consists of the admission in evidence of the written assignment of the note described in the complaint.  The only discussion of this question made by counsel, in their brief, is a reference to the grounds of objection stated in the trial court, and insisting that the objection there made should have been sustained.  We do not think the question is "discussed," and it is therefore not presented for our determination. Elliott's App. Proced., section 445.

Complaint is also made of the ruling of the court in admitting in evidence a certified transcript of the Kentucky Chancery Court showing the suit upon the note in question, the plea of *non est factum* filed in the cause, and the dismissal of the action.  We agree with appellant's counsel that this transcript furnishes no sort of evidence

Baldwin *v.* Threlkeld.

tending to establish the forgery of the note. It does not appear that it was admitted for this purpose. We think the transcript was competent as a part of the history of the transaction. The written assignment shows that an action on this note was pending in the Chancery Court of Kenton county, Kentucky, at the time such assignment was executed. It was proper to show what had become of this action, whether it had been prosecuted to final judgment in the appellant's name, or, if not, how it was taken out of court. The steps taken in the suit were taken by the appellant himself, who was the plaintiff. If he dismissed his action after the plea of *non est factum* was filed, it was a circumstance tending to show the appellant's want of faith in the genuineness of the note. This was, of course, subject to any explanation he might desire to make concerning the dismissal, and was in no wise conclusive upon him. But we can not say that the court had no right to consider it. Of course the plea of *non est factum* could not be considered as evidence of the forgery, and there is nothing to show that it was admitted for any such purpose. There was no error in admitting the transcript in evidence.

The court sustained an objection of the appellee to proving the contents of certain letters testified to by the appellant after he had practically admitted that he voluntarily destroyed the letters after he had commenced the suit on the note against the Bryants. The court had a right to deduce, from the act of destruction after the commencement of such suit, the inference of a fraudulent design to do away with the letters themselves, and upon this theory the exclusion of the evidence was proper. *Anderson Bridge Co.* v. *Applegate,* 13 Ind. 339; *Rudolph* v. *Lane,* 57 Ind. 115.

A reversal is finally asked because the court permitted

the appellee to examine an expert witness as to the hand-writing in the signatures to the note. Appellant had testified that the signature of William Bryan had been placed there by William himself. To rebut this the appellee sought to show that John L. Bryan had signed both names to the note. The expert witness was permitted to testify that in his opinion both names were written by the same hand. There was no error in this ruling. Even if the testimony was original, it was within the discretion of the court to admit it at any stage of the proceeding, and unless a clear abuse of such discretion were shown there would be no cause for reversal because of the introduction of the testimony out of its order. *Stewart* v. *Smith*, 111 Ind. 526.

This disposes of all the questions presented, and we find no available error.

Judgment affirmed.

Filed Sept. 26, 1893.

## ON PETITION FOR A REHEARING.

REINHARD, J.—The appellant's learned counsel have presented a petition for a rehearing upon the ground that this court erred in holding that the court below committed no error in excluding the proposed testimony of the contents of certain letters claimed to be material to the defense.

We held the ruling of the lower court proper for the reason, as stated in the former opinion, that the trial court had a right to deduce, from the act of destruction of the original letters by the appellant, the inference of a fraudulent design to do away with them. We are now met with the proposition that the ruling of the circuit court was not grounded upon this theory. In support of this proposition, we are directed to the statement in the record forming the basis of the objection as urged by ap-

Baldwin *v.* Threlkeld.

pellee's counsel at the time it was proposed to introduce the evidence of the contents of the letters.

We do not think the position is tenable. The appellant here asserts that an error was committed. It is his duty to show such error affirmatively. If the ruling of the trial court can be supported upon any theory, whether the same was advanced at the time of the ruling or not, it must be upheld. If the appellee had interposed no objection whatever, and the court had excluded the testimony of its own motion, the ruling must stand in this court, unless the appellant succeeds in showing that it was wrong upon any theory. It is different where the court admits the proposed testimony and the appellant asserts error in such ruling. It then devolves upon the appellant to show that he made timely objection, and stated the reasons for the incompetency of the testimony. He will then be confined to the reasons urged below, because here, again, he must make it appear affirmatively that there was error, and he is confined to the grounds presented to the trial court. See Elliott's App. Proced., section 721

We did not undertake to adjudge what was the force and effect of the evidence of the destruction of the letters. We only held, and now hold, that the court had the right to infer from it a fraudulent design to do away with such proof as militated against his case. Of the competency of the evidence, we have no doubt. Upon its weight or effect, we do not undertake to decide.

Petition overruled.

Filed Nov. 28, 1893.