WINES ET AL. *v.* STATE BANK OF HAMILTON.

[No. 2,734.   Filed March 29, 1899.]

VERDICT.—*Sufficiency.*—*Bills and Notes.*—A verdict for plaintiff in an action on a promissory note for a certain amount, "less credits on back of note," is not so defective that a judgment cannot be rendered thereon. *p. 116.*

SAME.—*Sufficiency.*—*Amount.*—A verdict which requires only a computation by the court to fix the exact amount thereof so that the amount of recovery may be expressed in a single sum is sufficiently certain within the meaning of the provision of section 557 Burns 1894, that in actions for the recovery of money the jury must assess the amount of recovery. *p. 117.*

APPEAL AND ERROR.—*Briefs.*—*Rules of Court.*—In discussing rulings of the court on the admission of evidence, the places in the record where such rulings may be found must be pointed out. *p. 118.*

NEW TRIAL.—*Joint Motion.*—A joint motion for a new trial must be good as to all of the parties who join therein, or it will not be good as to any of them. *p. 118.*

APPEAL AND ERROR.—*Joint Assignment of Error.*—A joint assignment of error which is not good as to some who join therein cannot be good as to others or as to all. *p. 118.*

PRACTICE.—*Burden of Proof.*—*Bills and Notes.*—Where in an action on a promissory note the execution of the note is denied under oath, the burden of proving its execution is upon the plaintiff throughout the trial. *p. 119.*

SAME.—*Evidence.*—*Order of Admission.*—*Discretion of Court.*—The trial court has a very wide discretion as to the order of introduction

of evidence, and to warrant a reversal for admission of evidence out of its proper order there must appear to have been an abuse of discretion tending to defeat the ends of justice. *pp. 119, 120.*

SAME.—*Evidence.—Order of Admission.*—Where, in an action on a promissory note, plaintiff proved by a witness who was acting as agent of the payee in procuring the note, that he had seen each one of the defendants sign the note, and defendants introduced evidence tending to show that some of the signatures were not in the handwriting of the persons whose signatures they purported to be, evidence by an expert who had made comparisons of the signatures that they were the signatures of defendants was properly admitted in rebuttal. *pp. 120, 121.*

From the Howard Circuit Court. *Affirmed.*

*Gifford & Coleman, Gifford & Nash* and *Moon & Wolf,* for appellant.

*R. B. Beauchamp* and *Blacklidge & Shirley,* for appellee.

BLACK, C. J.—The appellee sued the appellants and John Q. Adams and Harry Ward upon a joint and several promissory note executed by all the defendants, except Harry Ward, payable to the order of said Harry Ward at a certain bank in this State, for $833, with interest at six per cent. per annum, with attorney's fees, etc. The complaint showed the indorsement of the note before maturity, for a valuable consideration by the payee to a certain firm not a party to the suit, and by said firm to the appellee. Copies of the indorsements were made exhibits.

It was shown by the complaint that at a certain date specified three persons named each paid the sum of $33, which payments were credited on the note; and the complaint alleged that a copy of the note "with the said credits thereon" was filed with and made a part of the complaint as "exhibit A;" and such an exhibit was filed with the complaint. The defendant John Q. Adams, by his guardian *ad litem,* pleaded infancy. The defendant Ward, payee and indorser, appeared, but made no defense, and he has declined to join in this appeal. The other defendants all filed sworn answers, some in one paragraph denying the execution of the note, others

in two paragraphs, one a general denial, and the other a denial of the execution of the note.

The cause was tried by jury, the verdict being as follows, omitting the signature: "We, the jury, find for the plaintiff as against all of the defendants except John Q. Adams, and assess its damages in the way of principal and interest at the sum of $997.51, and attorney's fees in the sum of $41.65,—in all $1,039.16, less credits on back of note; and we find for the defendant John Q. Adams."

The defendants except John Q. Adams and Harry Ward, moved for a *venire de novo,* and this motion having been overruled, the same parties moved for a new trial. The court, having overruled this motion, rendered judgment for the appellee against the defendants, except John Q. Adams, for $914.36. The overruling of the motion for a *venire de novo,* and the overruling of the motion for a new trial, are assigned as errors.

It is claimed that the verdict was so defective that a judgment could not be rendered thereon, because of the failure of the jury to specify the amount of the credits to be deducted, designated as "credits on back of note." It will be observed that in rendering judgment the court computed as the amount of such credits and deducted therefor $119.80. The three payments credited upon the note, as shown by the complaint, were made on the 26th of June, 1894, and aggregated $99, and the verdict was returned on the 14th of October, 1897. No objection was taken to the form or substance of the judgment, and the amount thereof is not questioned, the objection being that there was not furnished sufficient basis for judgment in any amount.

It is a frequently stated rule, that a motion for a *venire de novo* should be overruled if the verdict be not so defective and uncertain that no judgment can be rendered upon it; and a verdict, however informal, is good, if the court can understand it, and it is not to be set aside unless from necessity. *Daniels* v. *McGinnis, Adm.,* 97 Ind. 549; *Bartley* v. *Phil-*

*lips,* 114 Ind. 189; *Board, etc.,* v. *Pearson,* 120 Ind, 426; *Central Union, etc., Co.* v. *Fehring,* 146 Ind. 189; *Garrett* v. *State, ex rel.,* 149 Ind. 264. It does not seem to be a matter of mere discretion. It is the duty of the court to uphold the verdict if it so decides the issues and indicates the amount of recovery that the proper judgment may be rendered; otherwise the *venire de novo* should be granted.

The verdict must be reasonably certain, and our statute requires that in actions for the recovery of money, the jury must assess the amount of the recovery (section 557 Burns 1894, section 548 Horner 1897); but that is sufficiently certain which can be rendered certain, and where only a computation by the court is necessary to fix the exact amount of the verdict, so that the amount of recovery may be expressed in a single sum, the court may render judgment on the verdict. *Gaff* v. *Hutchinson,* 38 Ind. 341; *Wainright* v. *Burroughs,* 1 Ind. App. 393.

The court cannot resort to the evidence in search of facts in aid of the verdict, though such be the manifest intention of the jury; for the trial of the issues of fact having been submitted to the jury, it would not be within the province of the court to decide upon the existence of a fact, however well shown by the evidence; but the pleadings are part of the record as well as the verdict, and the verdict should be considered by the court in connection with the pleadings forming the issues tried by the jury. If the verdict so expressly refers to the pleadings that by a consideration of the pleaded matter so referred to in connection with other parts of the verdict the intention of the jury may be definitely understood, and thus a verdict complete in all necessary particulars be before the court, so that when a judgment sufficient in form has been rendered it can be known with certainty that it is in accordance with the verdict, it cannot be properly said that such verdict is too uncertain or ambiguous.

In the case before us, the complaint stated the credits, and the verdict established the truth of the complaint, and the

untruth of the only defense relied on. It seems but reasonable to say that the reference in the verdict to credits was a reference to the credits stated in the complaint and the expression of the intention of the jury to allow them as so stated. Though we cannot commend the form of this verdict, we conclude that there was no available error in overruling the motion for a *venire de novo.*

In discussing the assignment relating to the motion for a new trial, counsel for appellant in their brief have referred to the admission of certain evidence, and the striking out of certain evidence, without pointing out the places in the record where such rulings may be found. Under the rules of this court this is not sufficient briefing.

The note in this suit was joint and several, and was signed by twenty persons, all of whom but one are the appellants. The motion for a new trial was a joint motion of all the appellants, being nineteen of the makers, and all the defendants, except John Q. Adams and Harry Ward. The assignment of errors is made by the appellants jointly.

It has been decided often that a joint motion for a new trial, or a joint assignment of error, must be good as to all the parties who join therein, or it will not be good as to any of them. An error which affects one or more, but not all, of the parties so joining cannot be made available under such a joint motion and joint assignment. A motion or an assignment of error not good as to some who join therein cannot be good as to others or as to all. *Feeney* v. *Mazelin,* 87 Ind. 226; *Boyd* v. *Anderson,* 102 Ind. 217; *Wolfe* v. *Kable,* 107 Ind. 565; *Sweeney Co.* v. *Fry,* 151. Ind. 178, *Prescott* v. *Haughey,* 152 Ind. 517. Only such errors, if any, as affected all of the appellants could be available under the motion for a new trial and the assignment of errors. The dispute on the trial related to ·the execution of the note. Failure to prove the execution as to one or more of the appellants would not relieve others as to whom proof of execution was furnished, and error affecting only the question

as to the execution by one or more would not be cause for a new trial available to others whom the error did not affect because not relating to the question of the execution of the note by them. These remarks seem to be sufficient for the disposal of some questions discussed by counsel, concerning the admission of evidence relating to some of the appellants alone, and not affecting the matter in issue as to others.

Objection was made on behalf of the appellants to a question propounded to a witness for the appellee testifying on rebuttal as an expert in handwriting; the question calling for a comparison of the signatures on the note with other signatures of the same persons, and the ground of the objection being that the evidence sought was a part of the plaintiff's case in chief, and not proper evidence in rebuttal. The court overruled the objection, and the witness in his answer gave his opinion that the signatures were made by the same persons. The execution of the note having been denied under oath by all the appellants, the burden of proving its execution was upon the appellee throughout the trial. Section 367 Burns 1894, section 364 Horner 1897; *Carver* v. *Carver*, 97 Ind. 497. The necessity was upon the appellee of going forward with evidence to establish a *prima facie* case. When it had done so it devolved upon the appellants to meet the *prima facie* case with counter-evidence. The appellee could not recover without a preponderance of the evidence. If the counter-evidence of the appellants tended to destroy the *prima facie* case of the appellee, and the appellee could produce further evidence adapted by its character to counteract the tendency of the counter-evidence of the appellants, by directly replying thereto, and the appellee could thereby strengthen the *prima facie* case and increase the weight of evidence in favor of the appellee, such evidence was admissible in rebuttal.

The object of the judicial investigation is a just result, and, necessarily, the trial court has a very broad discretion

as to the order of the introduction of evidence. When the case comes to us, the question whether the evidence upon which the cause was submitted to the jury was introduced in orderly sequence is not so important as the question whether it was competent for the purpose of leading the jury to a just conclusion upon the issue on trial. To warrant a reversal for the admission of evidence out of its proper order, even for the admission in rebuttal of evidence which should have been offered in the original case of the party offering it, there should appear to have been an abuse of the discretion of the trial court tending to defeat the ends of justice. *Stewart* v. *Smith*, 111 Ind. 526; *Noblesville, etc., Co.* v. *Teter*, 1 Ind. App. 322; *Baldwin* v. *Threlkeld*, 8 Ind. App. 312, 321-2.

The appellee in making out its original case had proved by a witness, who was acting as the agent of the payee in procuring the note, that he had seen each one of the appellants sign the note, and that they in succession as they signed it delivered it to him, and there was evidence that after it had been signed by all the parties it was delivered by said agent to the payee. On behalf of some of the appellants there was evidence tending to prove that some of the signatures were not in the handwriting of the persons whose signatures they purported to be. If it be true that the appellee might properly have produced the expert testimony of handwriting in its case in chief, there was no abuse of discretion in admitting it. The expert testimony was not necessarily a part of the appellee's original case. It could establish a *prima facie* case without it. Though it tended to corroborate evidence by which the *prima facie* case was in part made out and to establish certain facts testified to on the appellee's original case, yet, we think it tended to rebut the evidence for the appellants upon a particular point, and under the circumstances would seem to have been competent in rebuttal. But if it could not properly be said to be strictly rebuttal evidence, there was no abuse of discretion in its ad-

mission. *Bedford, etc., R. Co.* v. *Rainbolt,* 99 Ind. 551, 562; *Baldwin* v. *Threlkeld, supra.*

The refusal of the court to give to the jury certain instructions as asked by the appellants is urged as error. In the brief for the appellants there is no compliance with the rule of this court which requires that counsel "shall succinctly state the substance of the instruction" in question. We, however, have read the instructions refused and also those given. Instructions given, some upon the court's own motion, and others upon the request of the appellee, sufficiently covered the questions presented by the instructions refused. We do not find any available error. Judgment affirmed.