## NUSSMEYER ET AL. v. WOOD ET AL.

[No. 11,044. Filed December 20, 1921.]

EVIDENCE.—*Admissibility.*—*Parol Evidence of Contests of Letter.* —In an action against tenants for possession of real estate and for damages for unlawful detention, parol evidence of the contents of a letter written by one of the defendants to plaintiffs' grantor, who had leased the property to defendants, and who, considering the letter of no value, destroyed it, *held* admissible; the evidence though conflicting, being sufficient to support a finding that the letter had been writen and that it had been destroyed by the recipient without fraudulent design.

From Warrick Circuit Court; *Marshall R. Tweedy,* Judge.

Action by Linvin L. Wood and another against Matilda A. Nussmeyer and another. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*Spencer & Spencer,* for appellants.
*John D. Welman* and *Phelps F. Darby,* for appellees.

McMAHAN, J.—Complaint by appellees for possession of certain real estate and for damages for unlawful detention of the same. Judgment for appellees awarding them possession and $400 for damages.

Appellants contend that the decision of the court is

contrary to law and that the court erred in the admission of certain evidence. The evidence is sufficient to show that on February 18, 1918, one Hattie Britten, the then owner of the real estate in controversy, by a written lease, leased the same to appellants for the term of one year ending February 18, 1919. At the end of said year Miss Britten wrote a letter to appellants inquiring if they wished to keep the property for another year; appellants wrote a letter in reply thereto stating that they desired to and would keep the property for another year, said letter being signed by appellant Matilda A. Nussmeyer. Miss Britten conveyed the property to appellees by warranty deed February 6, 1920. Appellees notified appellants February 13, 1920, that they desired possession of the property at the end of the then current rental year, February 18, 1920.

Appellants contend it was error for the court to permit the witness Stevens to testify as to the contents of a letter purporting to have been written by Mrs. Nussmeyer to Miss Britten on the ground that the letter was voluntarily destroyed by Miss Britten and also because there was no proof that the letter was written by either appellant. Neither of these contentions can be sustained. The witness Stevens testified that the letter in question was signed "Mrs. G. J. Nussmeyer" and was addressed to Miss Britten; that after the property was purchased by appellees he gave the letter to Miss Britten. Miss Britten testified that the letter was signed by Mrs. Nussmeyer and that she, not considering it of any value, destroyed it.

This is not a case like *Baldwin* v. *Threlkeld* (1893), 8 Ind. App. 312, 34 N. E. 851, 35 N. E. 841, where the party seeking to introduce oral evidence as to the contents of certain letters which he had voluntarily destroyed after the commencement of the suit, and where the court had a right to deduce from such destruction

the inference of a fraudulent design to do away with the letters themselves. The evidence was conflicting as to whether such a letter had been written by Mrs. Nussmeyer, but it is sufficient to support a finding that such a letter had been written, and that it had been destroyed. It was competent to prove the contents of such letter by parol evidence.

There was not, as appellants contend, "an absolute failure of proof of a material allegation." The decision of the court is not contrary to law, as contended by appellants.

Judgment affirmed.