THE STATE LIFE INSURANCE COMPANY *v*. SARE ET AL.

' [No. 27,152. Filed October 31, 1938. Rehearing denied January 30, 1939.]

*Robert G. Miller, George H. Batchelor,* and *Hiram D. Keehn,* for appellant.

*Regester & Regester* and *George Henley,* for appellees.

FANSLER, J.—The appellant began this action by a complaint against the appellees, husband and wife, seeking judgment upon a promissory note and the foreclosure of a mortgage. The appellees answered by a general denial and a plea of payment. The appellant

replied in general denial to the second paragraph of answer. The appellee Thomas J. Sare filed a pleading denominated a cross-complaint, under which he sought to set off against the appellant's demand the value of services claimed to have been rendered by him to the appellant during the years 1911 to 1934, inclusive. The appellant answered in three paragraphs, a general denial, the statute of limitations, and a plea of payment. On the issues thus formed, trial was had by the court without the intervention of a jury. The court found for the appellant on its complaint that there was due on the note sued on $12,600. There was a finding for the defendant, Thomas J. Sare, on his cross-complaint that there was due him for services for a period of twenty years, $5,100, and a further finding that, by reason of the amount due Thomas J. Sare, the plaintiff was entitled to recover the sum of $7,500 only and $450 attorney fees. This finding is followed by a judgment for the appellant, plaintiff, and against the appellees, defendants, in the sum of $7,500 and $450 attorney fees, and that it is entitled to a foreclosure of its mortgage.

Appellant moved for a new trial upon the following grounds:

"1. Error in the assessment of the amount of recovery in this, that the amount is too large.

"2. The decision is not sustained by sufficient evidence.

"3. The decision is contrary to law."

The motion was overruled, and this ruling is the basis of the only error assigned on this appeal.

The right to set off the individual claim of Thomas J. Sare was not questioned by demurrer for defect of parties, and any question involved was thereby waived. *Talmage et al.* v. *Bierhause et al.* (1885), 103 Ind. 270, 2 N. E. 716. There is no reference

to the right to set off in the briefs, and we express no opinion upon that subject.

The grounds for new trial present no question. The first assignment is that the amount of recovery is too large. The only recovery was by the appellant, and it cannot be heard to complain if its recovery is too large. Motions for a new trial on the ground that the finding or verdict is not sustained by sufficient evidence or is contrary to law present no question as to the amount of damages. Appellant contends that the amount of its recovery is too small because of the allowance and deduction of the set-off of the appellee Thomas J. Sare. This question could have been presented by assigning the fifth statutory cause for a new trial, that the amount of recovery is too small. Section 2-2401, subd. 5, Burns' Ann. St. 1933, §368, subd. 5, Baldwin's Ind. St. 1934. But we have examined the evidence in this respect. There is some evidence from which the trier of facts might have concluded that Thomas J. Sare regularly rendered services to the appellant several times each month over the years mentioned, under circumstances indicating that they were not intended to be gratuitous. From the testimony as to the value of those services, it might be concluded that they were worth the amount awarded. It is true, as contended by the appellant, that there is much evidence to the contrary, but we cannot weigh the evidence.

"A party to any action may plead or reply a set-off or payment to the amount of any cause of action or defense notwithstanding such set-off or payment is barred by the statute." Section 2-1036 Burns' Ann. St. 1933, section 140 Baldwin's Ind. St. 1934.

Judgment affirmed.