REYNOLDS ET UX. *v.* COLGLAZIER ET AL.

[No. 17,654. Filed November 17, 1947. Rehearing denied December 19, 1947. Transfer denied February 27, 1948.]

114

*Mead and Mead,* both of Salem, attorneys for appellants.

*Emmett C. Mitchell* and *James A. Allen,* both of Salem, attorneys for appellees.

ROYSE, J.—The appellants, who are husband and wife, are and for several years past have been the owners as tenants by entirety of certain real estate west of Salem, Indiana. On or about the 9th day of November, 1943, they entered into an oral contract with appellees by the terms of which appellees were to construct a five-room one-story dwelling house on said real estate. Pursuant to said agreement appellees built said dwelling. Subsequently, a dispute arose between the parties in reference to the payment due appellees for such services. Appellees brought this action against appellants. The complaint is in one paragraph. Its pertinent portions are as follows:

> "2. That heretofore, to-wit, on the 5th day of April, 1944, an account was stated between plaintiffs and defendants and upon which there was found to be due plaintiffs from defendants the sum of $644.59.
>
> "3. That the defendants are indebted to the plaintiffs in the sum of $99.16 for work performed and materials furnished by the plaintiffs at the defendants' special instance and request, a bill of par-

ticulars of which is filed herewith, made a part hereof and marked Exhibit 'A'.

"4. That the defendants are indebted to the plaintiffs in the sum of $743.75 as aforesaid and that said sum is due and unpaid.

"Wherefore plaintiffs demand judgment in the sum of $743.75, and all other relief, right and proper in the premises."

To this complaint appellants filed an answer of denial under the rules and an amended set-off to the complaint. The set-off averred, in substance, that by the terms of the oral agreement appellees were to provide and use in the construction of said dwelling house first-class materials throughout and all workmanship was to be of good quality and high grade in every particular. It then alleged appellees breached said contract in numerous particulars which are specifically set out. It is further averred the total amount of losses to appellant by reason of said breaches is $910, for which sum they ask a set-off against any amount found to be due appellees. Appellees, under the rules, filed their denial to the set-off. Trial to a jury resulted in verdict for appellees for $743.75 on their complaint and for appellants for $150 on their set-off, and that appellees recover from appellants $593.75.

Appellants' motion for a new trial was overruled. The only error assigned here is the overruling of said motion. The specifications of the motion for a new trial are, the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

Appellants contend the verdict cannot stand because it is based chiefly on the alleged account stated and under the evidence appellant Edna Reynolds was not a party to the account stated, and they say the amount

of the verdict shows it is based on both the account stated and open account.

Appellees assert that where there is evidence to support a recovery on contract under the issues, the cause will not be reversed because of error in the amount of recovery where there is no assignment made under the Fifth statutory cause for a new trial.

Appellants rely strongly on the case of *Fairbanks* v. *Warrum* (1913), 56 Ind. App. 337, 104 N. E. 983, 1141. In our opinion that case is distinguishable from the question presented here in two important particulars. In that case the motion for a new trial assigned the Fifth statutory ground, and this court held the second paragraph of complaint did not state a cause of action.

The law seems to be well established in this jurisdiction that motions for a new trial on the ground that the finding or verdict is not sustained by sufficient evidence or is contrary to law present no question as to the amount of damages. *The State Life Insurance Company* v. *Sare* (1939), 215 Ind. 68, 17 N. E. 100; *State Exchange Bank* v. *Paul* (1915), 58 Ind. App. 487, 494, 495, 108 N. E. 532; *Brown* v. *Guyer* (1917), 64 Ind. App. 356, 115 N. E. 947. Applying this rule to the instant case, it is apparent that only by considering the amount of the verdict can it be said such verdict was based on both the account stated and the open account. Therefore, no question is presented by this appeal. It is to be noted there was no motion to separate into paragraphs and the form of the verdict has not been questioned.

The judgment is affirmed.

NOTE.—Reported in 75 N. E. 2d 426.