INDIANAPOLIS TRANSIT, INC. v. MOORMAN

[No. 19,544. Filed April 1, 1963. Rehearing denied May 9, 1963.]

*George C. Forrey, III, Edward B. Raub, Jr., Jacob S. White* and *White, Raub & Forrey*, of Indianapolis, for appellant.

*Townsend & Townsend, Earl C. Townsend, Jr.,* and *John F. Townsend*, of Indianapolis, for appellee.

HUNTER, (Acting) P. J.—This is an action for damages for personal injuries received as a result of a motor vehicle collision. The appellee alleged "whiplash" injury sustained by her while she was seated in a passenger automobile that was stopped at an intersection and which was struck in the rear from the rear by appellant's bus.

The cause was submitted to a jury and a verdict was returned and judgment thereon was rendered for appellee for damages in the amount of $40,280.00 and costs. *At the trial the appellant conceded liability and the only issue that was tried was the question of damages.*

The appellant's assignment of error brings before this court the specifications of error relied upon in its motion for new trial, they are:

(1) The damages assessed by the jury are excessive.

(2) The verdict of the jury is not sustained by sufficient evidence.

(3) The verdict is contrary to law, and

(4) The court erred in the trial as a matter of law excepted to by the defendant in overruling the objections of the defendant to questions the plaintiff's attorney directed to plaintiff's rebuttal witness, Dr. Rogers Smith.

Turning our attention to a consideration of specifications number 2 and 3 of appellant's motion for new trial we find no merit therein. We find the law to be well settled that the question of amount of damages may not be raised on the grounds that the finding or verdict is not sustained by sufficient evidence or is contrary to law. *The State Life Insurance Company* v. *Sare* (1938), 215 Ind. 68, 17 N. E. 2d 100; *Reynolds* v. *Colglazier* (1947), 118 Ind. App. 113, 75 N. E. 2d 426; *Brown* v. *Guyer* (1917), 64 Ind. App. 356, 115 N. E. 947; *State Exchange Bank* v. *Paul* (1915), 58 Ind. App. 487, 494, 495, 108 N. E. 532.

The appellant's fourth specification of error urges the proposition that the trial court committed prejudicial error in admitting the testimony of Dr. Rogers Smith in rebuttal to evidence elicited from appellant's witness on cross-examination by appellee's attorney. The pertinent questions and objections thereto are set forth as follows.[1]

---

1. (Rebuttal testimony of Dr. Rogers Smith).
Q  Have you had occasion in your practice to know Mrs. Martha Moorman who sits here by us?

A Yes, I do.

Q Have you made examination of her with reference to neurologic conditions?

A Yes, I have on four occasions.

Q Please tell this jury what your findings are with reference to any neurologic conditions.

MR. FORREY: To which the defendant objects, this is not rebuttal. The doctor should have been put on if he was going to be put on in the plaintiff's case in chief to make this complaint.

MR. TOWNSEND: This is proper rebuttal testimony, we have not gone into his treatment of the patient, we are going into his handling of the case in so far as it rebuts Dr. Fausset's testimony of yesterday.

MR. TOWNSEND: Question withdrawn.

Q Have you had occasion in your practice to treat patients who have sustained whiplash injuries?

A Yes.

Q Dr. C. Basil Fausset testified here yesterday afternoon to the effect he had not seen ulnar nerve involvement and disturbances of the ulnar nerve condition by whiplashes what has been your experience in that regard?

MR. FORREY: Object, in their case in chief they went into the findings of their doctors and what they did and didn't prove, this question is not rebuttal, this question should have been asked of this witness in their case in chief, they didn't choose to do that, we have therefore the same objection we made to the previous question.

THE COURT: Overruled.

A I have, I have seen involvement of the ulnar nerve distribution.

Q Have you seen involvement of the ulnar distribution in Martha Moorman?

A I did.

MR. FORREY: We object for the same reason. Object, in their case in chief they went into the findings of their doctors and what they did and didn't prove, this question is not rebuttal, this question should have been asked of this witness in their case in chief, they didn't choose to do that, we have therefore the same objection we made to the previous question.

THE COURT: Overruled.

Q In what respect did you find a disturbance in this patient?

A She had the subjective complaint, that is changes in sensation on both hands involving the distribution of the ulnar nerve, and on my examinations I found this to be true, in fact the last time that I examined her she said that this sensation changed, was present only at times; however, in examining her I found that there was a loss of feeling over the typical distribution of the ulnar nerve of which involves the little finger and the one side of the ring finger where the other side of the ring finger was intact.

It is readily noted from an examination of the record the objection made in each instance asserts only *that the testimony of the witness should have been presented in the appellee's case in chief* (our emphasis). This evidence was germane to issue of extent of injuries and damages.

---

Q Assuming that the evidence in this case showed this woman had received a whiplash injury involving subluxation on the fourth and on the fifth cervical vertebrae; assuming the evidence was to the effect that there had been tearing of the cervical ligaments around the fourth, fifth and sixth vertebrae, assuming there had been evidence of the tearing of the muscles themselves around those vertebrae with bleeding and edema into and scarring within that area, assuming further there had been evidence of a contusion of the spinal artery, state whether or not in your opinion these findings are such as to predicate the loss of ulnar distribution that you found?

MR. FORREY: Renew the objection. We object for the same reason. Object, in their case in chief they went into the findings of their doctors and what they did and didn't prove, this question is not rebuttal, this question should have been asked of this witness in their case in chief, they didn't choose to do that, we have therefore the same objection we made to the previous question.

THE COURT: Overruled.

A There were.

Q How in your opinion was that distribution so affected by that injury?

A As you know a whiplash injury consists of a sudden double jerking of the neck in such an injury the nerves coming off from the spinal cord can be injured either slightly or severely, this injury can produce changes of sensation in any one of the three major nerves of the hand and arm, and I think I can explain it better by comparing the nervous system to a telephone system, your brain being the chief office with the main cable being the spinal cord, off from it comes these various minor cords running to the muscles and to the skin of the arms and of course also of the legs, but we are dealing only with the arms in this picture, the one going to the ulnar distribution on the left we could say would be the Clifford exchange and the one on the right would be the Chapel exchange, if those wires are jerked a part of the insulation is lost from them, naturally there will be disturbance in their conductivity. That was present in this case and showed clearly in the complaints of the patient and also in the examination.

WITNESS EXCUSED.

(Transcript pp. 300 to 304).

The question whether the evidence upon which the cause was submitted was introduced in orderly sequence is not so important as the question whether it was competent for the purpose of leading the jury to a just conclusion upon the issue on trial. To warrant a reversal for the admission of evidence out of its proper order, even for the admitting in rebuttal of evidence which should have been offered in plaintiff's case in chief, there should appear to have been an abuse of the trial court's discretion tending to defeat the ends of justice. *Stewart* v. *Smith* (1887), 111 Ind. 526, 13 N. E. 48; *Wines* v. *State Bank of Hamilton* (1899), 22 Ind. App. 114, 53 N. E. 389; *Baldwin* v. *Threlkeld* (1893), 8 Ind. App. 312, 34 N. E. 851; *The Noblesville Gas and Improvement Company* v. *Teter* (1891), 1 Ind. App. 322, 27 N. E. 635.

> "It is within the discretion of the trial court to admit or exclude in rebuttal evidence which should or could have been in chief." *Smith* v. *Metz* (1958), 129 Ind. App. 64, 153 N. E. 2d 919 and as quoted in Crumpacker on Ind. Evidence, Vol. 2, §5973, p. 335 and cases cited thereunder.

We therefore conclude that the trial court did not commit reversible error in the admission of the rebuttal testimony of Dr. Rogers Smith. We are not necessarily indicating that this method of receiving evidence is the best approach to orderly procedure. We are only saying it is not fatal error in these circumstances.

Directing our attention to appellant's contention that the "damages assessed by the jury are excessive" we find from an examination of the record of the evidence on the question of extent of appellee's injuries and the award of damages therefor that the

facts most favorable to verdict of the jury may be briefly summarized as follows:

. That the appellee herein (plaintiff below) was a woman with a life expectancy of 35.26 years and who as a result of said collision suffered a brain concussion with headache residuals; three partially dislocated vertebrae; muscle spasm; permanent abnormal straightening of her cervical spine; damaged intervertebral disc; rapidly progressing traumatic hypertrophic arthritis which produced calcium deposits and six demonstrable impinging spurs in 19 months; bleeding and tearing with deposit of blood and scar tissue within the muscles and ligaments of the neck; damage to the vertebral artery affecting the blood supply to the brain; emotional and nervous instability; motor and sensory loss in both arms over the course of the ulnar nerve with weakness of grip in her hands and a 15% permanent impairment of function.

We conclude that the question of a reasonable amount of recovery is in dispute and that there is no definite standard by which damages could be assessed. Therefore, this court is limited to a reversal or affirmance depending on whether the amount of the award was within the scope of the evidence. The appellant has urged that the trial court be reversed or that a remittitur be ordered. A remittitur may only be ordered when the nature of the evidence is such that an appellate court could correctly determine with absolute accuracy a set amount above which damages were excessive.

On the question of excessive damages in order to justify a reversal "on such ground, the amount of

damages assessed must appear to be so outrageous as to impress the court at 'first blush' with its enormity." *New York Cent. R. R.* v. *Johnson, Admx., etc.* (1955), 234 Ind. 457, 127 N. E. 2d 603; *Louisville, etc., R. Co.* v. *Kemper* (1899), 153 Ind. 618, 53 N. E. 931; *Hines, Director* v. *Nichols, Admr.* (1921), 76 Ind. App. 445, 453, 454, 130 N. E. 140.

After an examination of the evidence concerning the nature and extent of appellee's (plaintiff below) injuries we conclude there was ample and sufficient evidence to justify the jury's verdict.

We therefore cannot say that the jury in assessing the amount of damages herein was motivated by prejudice, passion, partiality, or corruption or considered some improper element. *New York Cent. R. R. Co.* v. *Johnson, Admx. etc., supra*; *N. Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, 108 N. E. 2d 57; *Creamery, etc., Co.* v. *Hotsenpiller* (1902), 159 Ind. 99, 64 N. E. 600; *Illinois, etc. R. Co.* v. *Cheek* (1899), 152 Ind. 663, 53 N. E. 641; *Oppenheimer et al.* v. *Craft* (1961), 132 Ind. App. 452, 175 N. E. 2d 715.

We, as apparently was the jury, are aware of the general inflation and the constant depreciation and cheapening of money. *New York Cent. R. R. Co.* v. *Johnson, Admx., etc., supra*; *Hahn et al.* v. *Moore* (1956), 127 Ind. App. 149, 133 N. E. 2d 900.

". . . It must also be remembered that the trial judge was in a position to determine whether there was passion and prejudice existent, such as would unduly influence the jury in assessing damages when he passed on the motion for new trial." *Oppenheimer et al.* v. *Craft, supra;* see also *Yellow Cab Co.* v. *Kruszynski* (1935), 101 Ind. App. 187, 196 N. E. 136.

We find no reversible error.

Judgment affirmed.

Kelley, Mote and Pfaff, JJ., concur.

NOTE.—Reported in 189 N. E. 2d 111.