McCLANAHAN *v.* STATE OF INDIANA.

[No. 29,054.  Filed March 8, 1954.  Rehearing denied
May 14, 1954.]

*Claude Cline,* of Huntington, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl Humble,*
Deputy Attorney General, for appellee.

DRAPER, C. J.—A verdict was returned to the Huntington Circuit Court finding the appellant guilty of the second offense of operating a motor vehicle while under the influence of intoxicating liquor, and fixing his penalty at a fine of $100 and imprisonment at the Indiana State Farm for one year.

Judgment followed the verdict and this appeal followed the overruling of appellant's motion for new trial.

We must first reject appellant's contention with regard to the sufficiency of the evidence. The result of the drunkometer test and the testimony of several police officers and civilians would strongly support the conclusion that the appellant, when arrested driving on the public highway, was very much under the influence of intoxicating liquor. His prior conviction was also proven and was not denied.

The appellant's tendered instructions numbered two, three and four would have told the jury, in effect, that if the arresting officers failed to comply with the provisions of Burns' 1952 Repl., §§47-2307 and 47-2308, the jury should disregard any testimony of said officers as to any observation of or conversation with the appellant, after the officers had so failed to comply with said sections of the statute.[1]

The infirmities of §47-2307 were pointed out in *McClanahan* v. *State* (1953), 232 Ind. 567, 112 N. E. 2d 575, which case also involved this appellant, and nothing further need be said about that section.

Sec. 47-2308 is also impractical and unworkable. In this case the appellant was neither taken before a magistrate nor was he released upon promise to appear.

---

1. Sec. 47-2307 provides that a person arrested for certain violations of the Motor Vehicle Act shall be taken immediately before a magistrate. Sec. 47-2308 provides for the service of a notice to appear in court upon a resident of Indiana who is not immediately taken before a magistrate at time of arrest, and his release from custody upon written promise to appear.

He was taken to the county jail. We do not believe the legislature intended one in his condition, as shown by the evidence, to be released from custody upon his promise to appear later.

There is no evidence here that the appellant was in any wise coerced. Even if his detention were violative of the statutes above mentioned, the testimony of the officers would not thereby become inadmissible as a matter of law, though the fact of illegal detention would properly be considered on the question of coercion if such were claimed. On the record before us there was no error in refusing these instructions. *Hicks* v. *State* (1938), 213 Ind. 277, 11 N. E. 2d 171, 12 N. E. 2d 501; *Marshall* v. *State* (1949), 227 Ind. 1, 83 N. E. 2d 763; *Willennar* v. *State* (1950), 228 Ind. 248, 91 N. E. 2d 178; *Pearman* v. *State* (1954), 233 Ind. 111, 117 N. E. 2d 362. Appellant's objections to the admission of the testimony of the officers on the same subject were properly overruled for the same reason.

Appellant's tendered instruction number six defined the meaning of "under the influence of intoxicating liquor." Since the subject was adequately covered by the court's instruction number five, there can be no error in this regard.

Appellant's tendered instruction number nine is based upon the assumption that at some time after his arrest he requested and was denied an opportunity to consult with counsel. No evidence to that effect is pointed out by appellant, and we have been unable to find any. For that reason alone the instruction was properly refused.

We find no error in the proceedings below, and the judgment is therefore affirmed.

Bobbitt, Emmert, Flanagan, Gilkison, JJ., concur.

NOTE.—Reported in 117 N. E. 2d 749.