TERREY ET AL. *v.* BRINCKMAN ET AL.

[No. 19,755. Filed December 17, 1963.]

*Clarence T. Sweeney* and *James P. Gleason,* both of Michigan City, for appellants.

*Isadore D. Rosenfeld,* of South Bend, and *Alvin D. Blieden,* of Michigan City, for appellees, Harvey C. Brinckman and Lilly Brinckman.

KELLEY, J.—In this action, brought by appellees, Harvey C. Brinckman and Lilly Brinckman, against appellants and others, said appellees sought to quiet their alleged title to certain real estate in LaPorte County, Indiana, described in their complaint. The appellants, Roy H. Terrey and Juanita Terrey, filed answer under the rules. The appellant, Lon F. Terrey, filed answer under the rules and a "counter-claim and cross-complaint", in three paragraphs, alleging that he is the owner in fee simple title of the real estate respectively described in each of said paragraphs. The issues were closed by answer of the said appellees to the counter-claim and cross-complaint of Lon F. Terrey.

The cause was submitted to the court for trial upon the issues made and resulted in a finding and judgment that said appellees are the owners in fee simple of the

real estate described in their complaint and in the judgment; that their title be quieted and forever set at rest as against the defendants, including the appellants, and as against the world; and that appellant, Lon F. Terrey, take nothing by his amended counter-claim and cross-complaint.

The error assigned on this appeal is the overruling by the court of the motion for a new trial filed by appellants, Roy H. Terrey, Juanita Terrey and Lon F. Terrey, on the alleged grounds that the decision of the court is not sustained by sufficient evidence and that the same is contrary to law.

The description of the real estate in the complaint and in the decree of the court is quite lengthy and measured by metes and bounds, degrees and minutes. It would here serve no good purpose to set forth said description at length. We think it sufficient to say that it is:

"A tract of land in the Northwest Quarter (N. W. 1/4) of Section 34, Township 38 North, Range 4 West of the Second Principal Meridian, lying North of the Michigan Road and West of the center line of Roeske Avenue, . . . containing Seven and One Hundred Ninety-nine thousandths (7.199) acres more or less, subject to all existing legal highways" in LaPorte County, Indiana.

Appellants' specification that the decision of the court is contrary to law and that it is not sustained by sufficient evidence is predicated upon their proposal, advanced in the argument portion of their brief, that all the involved land was owned by one Grace M. Ballard who, in her lifetime, conveyed "five parcels out of this tract." Parcel 1, appellants say, is now owned by the Michigan City Water Department; Parcel 2, a parallelogram, 80 by 125 feet, and Parcels 3 and 4, it is

stated, were conveyed to appellees by various designated conveyances. Parcel 5 was conveyed to appellees, but, appellants aver, "its location is not pertinent to the questions involved in this appeal". Appellants then proceed to assert that "Shortly before her death" Mrs. Ballard conveyed "the remainder of the tract", after excepting "the aforesaid parcels", to her daughter, Alice R. Bridwell. The nub of appellants' case is expressed in this wise: "These conveyances left two areas on the Michigan Road not conveyed by Mrs. Ballard at the time of her death, namely: the area between the east side of parcel 1 and the west side of parcel 2 and the area between the east side of parcel 2 and the west side of parcel 3. See the plat on page 34."

A reference to the suggested plat fails to reveal any tracts of land described by the word "parcel". Apparently, insofar as we are able to gather, the referred to "areas" comprises the land sought to be described in the three paragraphs of appellants' "counter-claim and cross-complaint." We are wholly at a loss, either from the record or the appellants' brief, to locate the exact areas referred to. The descriptions contained in each of the said three paragraphs of the "counter-claim and cross-complaint" are of no assistance because the beginning point is alleged to be "the North Quarter (N. 1/4) corner of Section Thirty-four (34)", etc. Following this is a lengthy metes and bounds description, with an exception and exclusion description. We are not informed or directed as to where the "North Quarter (N. 1/4) corner" is. Whether the northeast corner or the northwest corner of said Section 34 is the corner referred to is undisclosed.

The argument portion of the brief does no more than express certain postulations and conclusions of appellants to the effect that "These areas" were not in-

cluded in the conveyances from "Mrs. Ballard" to the
appellees but that the title thereto "vested" in appel-
lants, Roy and Juanita Terrey, by virtue of a deed
from "Mrs. Bridwell", which, they assert, was recorded
prior to the recording of certain designated deeds to
the appellees. Other than to say that the deeds to ap-
pellees are void "as against" the prior recorded deed
to "the Terreys", no application of the advanced tenet
to the evidentiary facts is attempted. As before stated,
we are unable from the brief to define the exact "areas"
to which appellant, Lon F. Terrey, alleges ownership.
The evidence is of such kind and nature as to render
it extremely difficult, if not nigh impossible, to follow
with any reasonable degree of adequate understanding.
To illustrate the point, we refer to some of the testi-
mony of the surveyor as to the delineation of the
property lines as derived from some of the deeds (taken
from appellants' brief) :

> "Identifies Plaintiffs' Exhibit P-4 on the plat at
> a point on the center line of Broadway, 382 and
> eight-tenths feet easterly from the beginning point,
> east of the intersection of Fairfield Avenue and
> Broadway and thence south 235 and eight-tenths
> feet, thence at an angle of 90 degrees and 16 min-
> utes, 80 feet to the place of beginning, parallel to
> the Michigan Road. Arrives back at the starting
> point first indicated and is included in white lines
> 4 and 95 hundredths feet in a southeasterly direc-
> tion on the hypotenuse of the triangle. There is a
> building on this area. Indicates Plaintiffs' Exhibit
> P-4 description on Plaintiffs' Exhibit P-12 just
> east of the intersection of Fairfield Avenue and
> Broadway, 80 feet west of the place of *beginning
> in the previous description,* along the line identi-
> fied in white *to an indicated point.* The distance
> between the west side of the white line and the
> yellow line; *identified as the Hawk and Powell
> line* is 4 and 95 hundredths feet. Distance be-
> tween the west side of the white line and the east
> side of the blue line is approximatley 40 feet. . . .

Witness outlined on plat property described in Plaintiffs' Exhibit P-7, a complete parallelogram. . . . *It is based upon Fairfield avenue being 25 feet in width* and extended southerly. . . . Plaintiffs' Exhibits 1 and 2 is yellow, 3 is blue, 4 is white, *7 is the Terrey property,* and 8 is the purple line, a triangular area. 6 is Ballard to Brinckman, 6 and 100 acres in green, *8 is a different shade of purple, a lighter shade of purple.* . . . *Witness traces description in Paragraph III. of amended counterclaim and cross-complaint. Witness traces area described in Paragraph IV. of amended counterclaim and cross complaint. Witness traces area described in the complaint to quiet title.* . . . The third description starts on the west side that is 69.30 feet easterly . . . *a little bit west of the purple line, the difference corresponds with the difference of the leg of the triangle and the hypotenuse.* Previous description started 64.35 feet east of the intersection of Fairfield Avenue prolonged and Michigan Street, adding 4.95 feet we get 69 and when we add 64.35 feet to 4.95 feet that gives a total of 69.30, *which checks out with the additional difference of the leg of the triangle and the hypotenuse.* . . . " (Emphasis supplied).

We have burdened this opinion with the foregoing quotation of a small part of the evidence to the end of clarifying our position of the difficulty encountered in endeavoring to locate and define the "areas" claimed by appellants. Much of the whole evidence was of the same nature. Appellants, in argument, make no reference to or comment upon such evidence, but refer only to the involved deeds, with their conclusion which we have quoted above as the "nub" of their case.

Appellants have challenged the decision of the court as being not sustained by sufficient evidence and as being contrary to law. Insofar as the issues on their counter-claim and cross-complaint are concerned, the specification of insufficient evidence is unavailing to appellants, since they held the burden of

proof. However, as to the issues created by appellees' complaint, appellants may urge insufficiency of the evidence to sustain the same. In their brief, both directly and by implication, appellants recognize the validity of the finding and judgment of the court as to the land described therein, except as to the said "areas" which they contend is owned by appellant, Lon F. Terrey, and as to which they assert there was insufficient evidence to sustain the finding in favor of appellees as to such "areas". The specification that the decision is contrary to law invokes, in this case, the contention by appellants that the court denied them relief to which, under the evidence, they were entitled.

The burden rests upon appellants to demonstrate reversible error by the record, as all presumptions are in favor of the judgment and rulings of the trial court. *City of Ft. Wayne v. Bishop* (1950), 228 Ind. 304, 315, pt. 11, 92 N. E. 2d 544. And it is incumbent upon appellants to affirmatively show harmful error by cogent argument and citation of authorities. *Wright* v. *State* (1958), 237 Ind. 593, 595, pt. 1, 147 N. E. 2d 551; Rule 2-17(e), and errors assigned and causes for new trial not so treated are deemed to be waived. Rule 2-17(f).

It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached a contrary conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, pt. 7, 104 N. E. 2d 669; *Losche & Sons* v. *Williams & Associates* (1948), 118 Ind. App. 392, 395, pt. 3, 78 N. E. 2d 447.

Appellants do not point out or refer to any evidence which they rely upon as establishing in them the title to the "areas" claimed by them. They apparently rely

entirely upon their asserted premise that the deed under which they claim title, identified as Defendants' Exhibit B, was recorded on a date prior to the recording date of certain designated deeds to appellees. However, there is no mention or consideration extended by appellants in the argument portion of their brief to establish that the description of the land in their deed, Defendants' Exhibit B, included the involved "areas", the title to which, they assert, the court should have found and quieted in Lon F. Terrey.

It appears from the condensed recital of the evidence in appellants' brief that whether the land they claim was included in their said deed, was in dispute. Mr. Alexander, the surveyor, who drew the plat appearing in the brief and who testified at considerable length relative to the deeds and measurements, said that he "checked deed to Terrey", that he "Doesn't think when you take the parcels out of the Terrey deed, conveyed to Brinckmans and Mary Griewank, the Terrey deed covers everything that's left because the Terrey deed excepted the half-acre tract entirely; the Terrey deed did not convey any of the half-acre tract, which is part that's shown in yellow and accounts for some of the vacant space. Cannot tell if the half-acre tract included 4.95." He further said: "There's 4.95 *that there is no grantee for.*" And, continuing, *"The exception in the Terrey deed . . . does not include the little strip in exception number 3 of the cross-complaint. Can find no deed that gave them either description."* (Emphasis supplied).

Appellants say that the "areas" they assert title to is "on the Michigan Road." The grantors named in their deed, Defendants' Exhibit B, were Alice R. Bridwell and her husband. The said Alice R. Bridwell testified at the trial, and she said: "I had no property

on Michigan Street, none whatsoever. I couldn't sell something I didn't own. When I made the deed dated October 18, 1949, to the Terreys, I did not own any property on Michigan Street."

Upon such evidence and testimony as quoted above, which must be accepted as favorable to appellees, we could not justifiably or logically hold or determine that the evidence established, without conflict, in Lon F. Terrey, either the title to or ownership of the "areas" claimed by him. In fact, there was evidence from which the court could have concluded that there was no deed or grantee for the 4.95 foot strip of land, which appears to be all or a part of the "areas" referred to by appellants. And if such title to said land be not in either of the appellants, then they are in no position to complain that the court found and quieted the title thereto in appellees. However, we go no farther in this opinion than to hold that appellants have failed to demonstrate by the record that the decision of the court was not sustained by sufficient evidence or that it is contrary to law.

Appellees insist that appellants' brief wholly fails to comply with Rule 2-17 and that no question has been presented because appellant failed to file a motion to modify the judgment. To some extent we have previously referred to some of the deficiencies encountered in the brief but in view of the large number of defendants, some known and some unknown, made parties to the action, and the possible interests affected by the decision, we have endeavored, notwithstanding the non-compliance with the rules, to pass upon the matter, insofar as authorized by the brief presented.

Appellees' suggestion that appellants should have filed a motion to modify the judgment leads into far-reaching avenues which have not been discussed nor briefed

by either party. Appellees were content with the citation of some four cases, none of which touched upon the vital point required to be considered in determining the proposition advanced. An adequate and sound conclusion upon such proposal would necessitate an extensive research into a myriad of authorities. We do not feel justified in engaging upon such a task without the assistance of thorough briefs.

We are not without appreciation of the difficulty encountered by counsel in the endeavor adequately and properly to present this cause for determination. The record strongly indicates that the parties, the counsel and the court all possessed rather close and personal knowledge of the locality and layout of the land and property here involved, and, unfortunately, such a circumstance, as often appears, may have occasioned a relaxation and omission in exact portrayal of some of the essential facts requisite for competent understanding by those of less familiarity with the subject matter.

Judgment affirmed.

Hunter, P. J., and Mote and Pfaff, JJ., concur.

NOTE.—Reported in 194 N. E. 2d 760.