## DEMING HOTEL COMPANY v. PROX.

[No. 20,290. Filed May 8, 1968. Rehearing denied June 10, 1968. Transfer denied August 14, 1968.]

604

*Dix, Dix, Patrick, Ratcliffe & Adamson* and *Thomas M. Patrick,* of Terre Haute, for appellant.

*Mann, Mann, Chaney, Johnson & Hicks* and *Hansford C. Mann,* of Terre Haute, for appellee.

COOPER, J.—This is an appeal from the Montgomery Circuit Court wherein the Appellee, Adelaide C. Prox, brought an action against the Appellant for personal injuries sustained by her when a mirror fell on her while she was a guest in the dining room of the Deming Hotel Company.

Both the original and the later first amended complaint named as parties defendant the Deming Hotel Company, W. H. Sanford Corporation, and Pittsburgh Plate Glass Company. The W. H. Sanford Corporation was a general contractor which renovated the Appellant's dining room and the Pittsburgh Plate Glass Company was the subcontractor who installed the mirror which fell on the plaintiff-appellee.

The W. H. Sanford Corporation and the Pittsburgh Plate Glass Company each filed a separate demurrer to the amended complaint, each alleging therein that the complaint did not state facts sufficient to constitute a cause of action against it. The W. H. Sanford Corporation supported its demurrer with a memorandum stating that the complaint did not show a contractual relationship between it and the plaintiff, that there was no privity of contract, and that the complaint did not disclose that the negligence of this defendant was the proximate cause of injury to the plaintiff. The Pittsburgh Plate Glass Company supported its demurrer with a memorandum stating that the complaint failed to show that this defendant failed or omitted to perform any duty, or that this defendant breached any duty owed by it to the plaintiff.

The trial court sustained the demurrers of the defendants W. H. Sanford Corporation and the Pittsburgh Plate Glass Corporation, and the Plaintiff was given leave to amend her complaint. Thereafter, the plaintiff-appellee filed her second amended complaint naming only the appellant herein as the defendant.

The second amended complaint alleged that the Appellant operated a hotel in which there was a restaurant known as the Gourmet Room, to which the defendant invited the general public to enter as customers, by solicitation and advertisement. The complaint further alleged:

"2. That sometime prior to November 8, 1959, the exact date being unknown to plaintiff, the Deming Hotel Company installed or caused to be installed large plate glass mirrors, three and one-half feet wide and seven feet from top to bottom by one-quarter inch in thickness on the pillar located in the center of the Gourmet Room.

"3. On November 8, 1959, Adelaide Prox was a customer in the Gourmet Room and while seated at one of the tables just north of the entrance and west of said pillar with the mirrors on it, was struck by a mirror which fell from the west side of the pillar and injured her as hereinafter more specifically set forth.

"4. The defendant, Deming Hotel Company, has at all times mentioned herein been in complete and exclusive control of the dining room in which plaintiff was injured—including both the building and fixtures. Said defendant was negligent in failing to provide a safe place for its dining room patrons, including plaintiff herein.

"5. As a proximate result of the defendant's negligence as heretofore set forth, plaintiff was hurt and injured. She was struck with such force and violence that she was rendered unconscious. Adelaide Prox sustained concussion, contusions of the head, a severe strain or sprain of the neck, a cut on the right foot and strain of the lower back resulting in degeneration of the 4th, 5th and 6th cervical interspaces. She has suffered continuous pain and will continue to suffer in the future. Her injuries are permanent and impairing.

"6. That by reason of such injuries plaintiff has been damaged in the amount of twenty five thousand ($25,000.00) Dollars.

"Wherefore, plaintiff demands judgment for Twenty-Five Thousand ($25,000.00) Dollars, the costs of this action and all other proper relief."

The Appellant filed a motion to make more specific pursuant to Supreme Court Rule 1-3A. Said motion requested the Court to require the plaintiff to specify the particular acts or omissions which constituted negligence on the part of the defendant. The motion also sought to have the plaintiff specify whether the defendant had any notice or knowledge, actual or constructive, that its dining room was not a "safe place for its dining patrons."

The trial court overruled the motion in its entirety, and gave leave to answer. Thereafter the defendant demurred to the plaintiff's second amended complaint on the grounds that said complaint failed to state facts sufficient to constitute a cause of action. This demurrer was overruled by the trial court and thereafter the defendant filed its answer.

After the issues were closed, trial was had to a jury which returned a verdict for the plaintiff in the amount of $7,700.00. Judgment was entered on the verdict and subsequently the Appellant filed its Motion For a New Trial. The trial court

overruled the motion for new trial, and this ruling of the trial court is the assigned error on appeal.

The Motion for a New Trial contained many alleged causes for a new trial. Several of these were not supported by argument or citations of authority in the Appellant's brief, and are, therefore, deemed to be waived pursuant to Rule 2-17(i) of the Rules of the Supreme Court of Indiana. Those causes so waived are numbered 1C, 1D, 4, 5, 7U, 7Y, 7Z, 8B, 8C, 8F, 8G, 8H and 8J.

Under causes 1A and 1B of the Motion for New Trial, the Appellant contends that the court erred in overruling its motion to make more specific and its demurrer to plaintiff's second amended complaint. The Appellant states that a general allegation of negligence will not withstand a demurrer, "if as in this case, such general allegation is preceded by a motion to make the same more specific." This assertion of the Appellant is not entirely correct, under the issues as presented in this particular case. The general rule in Indiana is that a general allegation of negligence in a complaint will not later withstand a demurrer, if the intervening motion to make more specific was meritorious. However, this general rule cannot apply in a case of this nature where the facts concerning the cause of injury are within the peculiar knowledge of the defendant and not the plaintiff.

In Vol. 38, Am. Jur., *Negligence*, Sec. 262, at pp. 954, and 955, we find the following statement:

> "Where, from the nature of the case, the plaintiff in an action for damages for negligence could not be expected to know the exact cause of the precise negligent act which became the cause of an injury, and the facts were peculiarly within the knowledge of the defendant, the plaintiff is not required to allege the particular cause; it is sufficient to allege the facts in a general way, which will give the defendant notice of the character of proof that would be offered to support the plaintiff's case.
>
> "The rule that the particular facts constituting the negligence complained of must be stated, *particularly when called for, does not apply where the plaintiff cannot be expected*

*to have any information as to the causes of the accident, while the defendant must be assumed to be fully informed on the subject"* (our emphasis).

This Court has spoken on the degree of certainty required in pleadings in cases where the doctrine of *res ipsa loquitur* is applicable, as follows:

"In this connection, let us suggest that there are cases wherein the particular facts and causal circumstances are obscure and where necessarily much is left to inference. In such cases, the rule of evidence, *res ipsa loquitur*, ought to and in fact does have its concomitant rule of pleading. While a complaint should state the facts with a reasonable degree of certainty, what constitutes a reasonable degree of certainty must depend upon the circumstances and the nature of the case. And where the rule *res ipsa loquitur* is applicable, reason does not require the plaintiff to state the facts with that degree of particularity which would be required in ordinary cases. Indeed, in such a case, an attempt to specify the remote grounds of negligence would be mere guesswork on the part of the plaintiff." *Baltimore and Ohio Southwestern R. R. Co.* v. *Hill, Admr.* (1925), 84 Ind. App. 354, 359, 148 N. E. 489. See also: *Kaemmerling* v. *Athletic Mining, etc., Co.* (1924), 2 Fed. 2d 754; *Pennsylvania R. R. Co.* v. *Hough* (1928), 88 Ind. App. 601, 607, 161 N. E. 705; *Wass, Admx.* v. *Suter et al.* (1949), 119 Ind. App. 655, 661, 84 N. E. 2d 734.

Judge Arterburn, speaking for our Supreme Court on this subject has held:

"Since the doctrine of *res ipsa loquitur* is to some extent based on the theory that the facts connected with the cause of the injury are unknown to the plaintiff and within the peculiar knowledge of the defendant, it would also follow from the general rules of pleading that in such cases the plaintiff is not compelled to allege the specific facts coming within the special knowledge of the defendant. Lowe's Works Ind. Prac. Vol. 1, Sec. 12.17, p. 370." *New York, Chicago & St. Louis R. R. Co.* v. *Henderson* (1957), 237 Ind. 456, 146 N. E. 2d 531, 539.

In the case now before us, the plaintiff's complaint, in our judgment, alleged sufficient facts, and the evidence adduced

at the trial showed sufficient facts to make the rule of res ipsa loquitur applicable. In light of the foregoing authority, we find no error in the trial court's ruling on the motion to make more specific and on the demurrer.

Appellant's causes numbered 2 and 3 of the motion for new trial are that the verdict of the jury is not sustained by sufficient evidence and that the verdict of the jury is contrary to law.

When the sufficiency of the evidence is questioned on appeal, this court does not weigh the evidence, but reviews the record to see if there is any evidence or any reasonable or logical inference which may be drawn from the evidence, which, if believed by the jury, would sustain the verdict. *Gamble, et al.* v. *Lewis* (1949), 227 Ind. 455, 460, 85 N. E. 2d 629; *Indiana Ins. Co.* v. *Handlon* (1940), 216 Ind. 442, 24 N. E. 2d 1003.

The Appellant's charge that the verdict of the jury is contrary to law, is subject to the general rule of law as stated by our Supreme Court in the case of *Pokraka, et al.* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669, that we may consider only the evidence most favorable to the appellee in a cause, and it is only where the evidence is without conflict and can lead to but one conclusion and the trial court or jury has reached an opposite conclusion, that the decision of the trial court or jury will be set aside on the grounds that it is contrary to law. See also, *Hinds, Executor of Estate of Sickels, Deceased, etc.* v. *McNair, et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553.

By reason of what we have stated, we cannot say as a matter of law that the verdict of the jury is not sustained by sufficient evidence or is contrary to law.

In reviewing the evidence in the record, we note that the Appellee was a paying guest in the restaurant of the Appellant. During the course of her stay as such guest, a mirror, approximately 3 and 1/2 feet wide and 7 feet from top to

bottom, fell off the wall and injuries were suffered by her as a result thereof. The plaintiff alleged in paragraph number 4 of her complaint:

"4. The defendant, Deming Hotel Company, has at all times mentioned herein been in complete and exclusive control of the dining room in which plaintiff was injured including both the building and the fixtures. Said defendant was negligent in failing to provide a safe place for its dining room patrons, including the plaintiff herein."

This Court, in the case of *Rust, et al.* v. *Watson* (1966), 141 Ind. App. 59, 8 Ind. Dec. 21, 215 N. E. 2d 42, was confronted with a similar situation. The court in that case held that the doctrine of *res ipsa loquitur* applied where a chandelier fell on a business invitee and the plaintiff's complaint averred: ". . . the defendant's failure to provide a safe place for their paying guests. . . ." The Court further held that the doctrine of *res ipsa loquitur* would be invoked provided that a general allegation of negligence is averred in the complaint and the facts are such that the doctrine can be applied.

In Indiana, before the doctrine of *res ipsa loquitur* can be applied, the pleadings must allege:

1. The thing or instrumentality that caused the injury to the plaintiff must be under the exclusive control and management of the defendant or his servants,

and

2. The occurrence was such that in the ordinary course of events the injury would not have occurred if proper care had been exercised. *Wass, Admx.* v. *Suter, et al.* (1949), 119 Ind. App. 655, 659, 84 N. E. 2d 734.

Our Supreme Court has said, in substance, that when the plaintiff comes forth with evidence of facts which invoke the doctrine of *res ipsa loquitur*, these facts give rise to a permissive inference of negligence.

". . . he has made a case sufficient to go to the jury and the jury is entitled to draw the inference that the opponent was guilty of negligence. The cases generally hold that al-

though the burden of proof has not shifted, the duty of coming forward with evidence to explain what happened lies with the opponent." *New York, Chicago & St. Louis R. R. Co.* v. *Henderson* (1957), 237 Ind. 456, 146 N. E. 2d 531, 539.

In the course of applying the doctrine, it appears that there has been some confusion in the earlier cases as to whether a presumption of negligence or a permissive inference of negligence has been raised.

A presumption is defined as:

"An inference affirmative or disaffirmative of the existence of a disputed fact, drawn by a judicial tribunal, by a process of probable reasoning, from some one or more matters of fact, either admitted in the cause or otherwise satisfactorily established. Best Pres. Sec. 12," Black's Law Dictionary, 4th Edition.

An inference is defined as:

"A process or reasoning by which a fact or proposition sought to be established is deducted as a logical consequence from other facts, or a state of facts already proved or admitted (authorities omitted)." Black's Law Dictionary, 4th Edition.

When the doctrine of *res ipsa loquitur* is invoked, there is only a permissive inference of negligence raised. This permissive inference of negligence is:

". . . placed in the scales to be weighed with any and all explanations offered by the defendant. The inference of negligence, or as sometimes stated the 'presumption' does not vanish when the defendant comes forward with an explanation but on the contrary stays in the case to be considered with all other evidence by the triers of the fact. The weight to be given this inference and its relationship to all the other evidence is solely for those determining the facts. *New York, Chicago, St. Louis R. R. Co.* v. *Henderson, supra,* p. 466.

Indiana holds, as does the majority of jurisdictions, that the application of the doctrine of *res ipsa loquitur* does not have the effect of shifting the burden of proof from the plain-

tiff to the defendant to require the defendant to prove that he was not negligent. The application of the doctrine merely presents a permissive inference and the burden of proof stays with the plaintiff. The defendant then has the duty of going forward with the evidence to rebut the inference. *New York, Chicago, & St. Louis R. R. Co.* v. *Henderson, supra.* See also, 38 Am. Jur., *Negligence,* Sec. 311, p. 1008, and cases cited.

The landmark case which established the doctrine of *res ipsa loquitur* was *Byrne* v. *Boadle* (1863), 2 H & C 722, 159 Eng. Reprint 299. The plaintiff in that case was struck by a flour barrel which fell from a window above the street. The court held that the plaintiff had established a prima facie case because barrels do not ordinarily fall out of windows unless someone is negligent. In the instant case, the trial jury must have reasoned the same way; that mirrors do not ordinarily fall off walls unless someone is negligent.

A summary of the evidence in the record shows that the Plaintiff was a paying guest in the Gourmet Room of the Deming Hotel; that the Defendant had the control and management of the said Gourmet Room; that a mirror fell from a pillar in said Gourmet Room, struck and injured the plaintiff.

As in all cases tried by a jury, the weight of the evidence and the credibility of the witnesses were for the jury to determine. It appears in this case the jury believed that the falling of a mirror from a wall is an event which ordinarily does not occur unless someone is negligent; that the event would not have occurred if proper care had been exercised by the defendant; that the defendant owed a duty to the plaintiff to provide a safe place for its dining room patrons and the plaintiff in particular, and that this duty was breached when the mirror fell off the wall, struck and injured the plaintiff.

In reviewing the evidence adduced at the trial, we are of the opinion that there was sufficient evidence to sustain the verdict of the jury for the plaintiff.

Under causes 6A, 6B, and 6C of its motion for new trial, the Appellant assigns as error the Court's admission of certain evidence. The Appellant contends that the court erred in admitting the following testimony of James Tate:

"Q. And did you make an objection to him about putting this mirror up with mirror mastic?"

"A. Yes."

At this time, the Appellant made its objection to the question on the following grounds:

". . . hearsay, not proper rebuttal, and there being no foundation laid."

However, before making his objection, the Appellant's attorney made no motion to strike the witness' answer from the record for the purpose of making an objection, and the trial judge overruled the objection. No error was committed by the trial court since the objection was made after the question was answered. This court has repeatedly held that in such a situation, no question is presented. *Romey et al.* v. *Glass* (1950), 120 Ind. App. 279, 282, 91 N. E. 2d 850; *Storms* v. *Lemon* (1893), 7 Ind. App. 435, 34 N. E. 644; *Western & Southern Life Ins. Co. et al.* v. *Lottes* (1946), 116 Ind. App. 559, 63 N. E. 2d 146, 64 N. E. 2d 405, 64 N. E. 2d 805; *Edmondsen et al., Rec.* v. *Friedell, et al.* (1928), 200 Ind. 298, 163 N. E. 89; *The Pennsylvania Co.* v. *Witte* (1896), 15 Ind. App. 583, 43 N. E. 319, 44 N. E. 377.

The Appellant further contends that the court erred in admitting the testimony of one John Line, a rebuttal witness for the plaintiff, objected to by the defendant on the basis that such testimony was not a proper part of rebuttal but should have been introduced in the plaintiff's case in chief and that the court erred in refusing to allow the defendant to introduce evidence at the close of the plaintiff's rebuttal evidence.

In the case of *Indianapolis Transit, Inc.* v. *Moorman* (1963), 134 Ind. App. 572, 577, 189 N. E. 2d 111, the Appellate Court was presented with essentially the same question, that the offered testimony should have been presented in the Appellee's case in chief. The Court held:

"The question whether the evidence upon which the cause was submitted was introduced in orderly sequence is not so important as the question whether it was competent for the purpose of leading the jury to a just conclusion upon the issue on trial. To warrant a reversal for the admission of evidence out of its proper order, even for the admitting in rebuttal of evidence which should have been offered in the plaintiff's case in chief, there should appear to have been an abuse of the trial court's discretion tending to defeat the ends of justice. *Stewart* v. *Smith* (1887), 111 Ind. 526, 13 N. E. 48; *Wines* v. *State Bank of Hamilton* (1899), 22 Ind. App. 114, 53 N. E. 389; *Baldwin* v. *Threlkeld* (1893), 8 Ind. App. 312, 34 N. E. 851; *The Noblesville Gas & Improvement Co.* v. *Teter* (1891), 1 Ind. App. 322, 27 N. E. 635.

"It is within the discretion of the trial court to admit or exclude in rebuttal evidence which should or could have been in chief. *Smith* v. *Metz* (1958), 129 Ind. App. 64, 153 N. E. 2d 919 . . ."

In view of this Court's ruling in the foregoing case, we are of the opinion that the trial court in this case did not abuse its discretion, and no prejudicial error was committed. Furthermore, the trial court did not abuse its discretion in refusing to allow evidence in surrebuttal, since the matter sought to be introduced as surrebuttal could have been introduced in the defendant's case in chief.

Causes numbered 7B and 7W of the motion for new trial allege as error the trial court's refusal to give Defendant's instructions numbered 5 and 34, which concerned who had the burden of proof and the weight to be given to testimony. We feel that Defendant's instructions numbered 5 and 34 were incorporated in Defendant's instruction numbered 23, which was given and which reads as follows:

"If you find from a preponderance of the evidence that the plaintiff is suffering from an injury, that fact alone, although inviting your sympathy, shall not entitle plaintiff to a verdict, and unless you find from a fair preponderance of the evidence that such injury was proximately caused by negligence on the part of the defendant, your verdict must be for the defendant."

In the case of *Greenwalt* v. *State* (1965), 246 Ind. 608, 209 N. E. 2d 254, 6 Ind. Dec. 129, 140, our Supreme Court held:

"As this court has held before, it is not error to refuse to give an instruction, notwithstanding it states a correct principal applicable to the case, if it has already been covered substantially or adequately by other instructions given. *Kennedy* v. *State* (1935), 209 Ind. 287, 196 N. E. 316; *McCanahan* v. *State* (1954), 233 Ind. 317, 117 N. E. 2d 749."

Causes numbered 7C, 7D, 7R, 7S and 7T of the Appellant's Motion for a New Trial assigned as error the trial court's refusal to give to the jury defendant's instructions numbered 6, 7, 26, 27 and 28, all of which would have instructed the jury concerning independent contractors.

To determine whether error was committed in refusing or in submitting instructions to a jury, the instructions finally tendered to the jury must be considered as a whole and not individually. Indiana Practice, Wiltrout, Sec. 1400, (7) Instructions to Jury, p. 343, and authorities cited therein. We have examined the instructions as finally given to the jury by the trial court in this case and we do not feel that the court's refusal to give Defendant's instructions 6, 7, 26, 27 and 28 was error, in light of the discussion hereinabove set out concerning *res ipsa loquitur,* and also in view of the plaintiff's instructions numbered 20, 21 and 22, all of which were given, and which are as follows:

Plaintiff's Instruction No. 20.

"If you should find from a preponderance of the evidence that any injury alleged in plaintiff's complaint was proximately caused by the negligence of both the Deming Hotel

Company and the building contractors, your verdict should be for the plaintiff, nevertheless. A corporation found to be negligent by a preponderance of the evidence is not relieved of liability if any exists, by a showing that another person or corporation was also negligent."

Plaintiff's Instruction No. 21.

"If you find from a preponderance of the evidence that the architect, acting within the scope of his authority as the owner's supervisor, and one or more of the building contractors were guilty of negligence which proximately caused Alelaide Prox to sustain injuries alleged in her complaint, your verdict should be for the plaintiff since the act or omission of the agent acting within the scope of his authority is in the eyes of the law the act of his principal."

Plaintiff's Instruction No. 22.

"The defendant's answer to the plaintiff's complaint admits that it operated the dining room in question on November 8, 1959, and for a long time prior thereto. Defendant's answer also admits that a mirror 42 inches wide and seven feet tall fell from a pillar at said time and place striking and injuring the plaintiff.

"In certain other instructions I have told you that the plaintiff must prove that the defendant was negligent and that the plaintiff must prove those material parts of her complaint not admitted by the defendant's answer.

"On the other hand I have told you in these instructions that if you find from a preponderance of the evidence that the plaintiff Adelaide Prox, without any act or omission on her part, was injured by the mirror which was in the exclussive possession and control of the defendant, you would be permitted to draw an inference that the defendant was negligent from the mere fact that it fell under such circumstances.

"Now I further instruct you that if after weighing all of the evidence you find that you should draw an inference that the defendant was negligent from the mere fact that the mirror fell, and if you further find from a preponderance of the evidence that the inference of negligence so drawn has not been met or overcome by other evidence in the case, then I instruct you that the plaintiff would not need to make any proof of negligence on the part of the defendant. In such case the facts admitted in the defendant's answer would be sufficient to permit the inference of negligence without further proof, providing only that you further find

from a preponderance of the evidence that the defendant was in the exclusive possession and control of the mirror which fell."

This Court has stated the following concerning the matter of submitting instructions to a jury:

"It was the duty of the court to instruct the jury upon the appellee's (Defendant's) theory of the case, and said instruction was a proper instruction in such theory." *Scott* v. *Sisco* (1959), 129 Ind. App. 364, 371, 156 N. E. 2d 895, 898.

However, the theory of the defendant must be applicable under the evidence in the cause. Indiana Practice, Wiltrout, Sec. 1400 (3) Instructions to Jury, page 340. *Holman Miller, Katherine Miller* v. *Russell Alvey* (1965), 246 Ind 560, 5 Ind. Dec. 551, 207 N. E. 2d 633; *Loeser, Trustee, et al.* v. *Simpson, et al.* (1942), 219 Ind. 572, 574, 39 N. E. 2d 945; *Indpls. Saddlery Co.* v. *Curry* (1923), 193 Ind. 346, 352, 138 N. E. 337, 339; *Indiana Union Traction Co.* v. *Downey* (1912), 177 Ind. 599, 606, 98 N. E. 634, 636.

The Appellant's tendered and refused instructions numbered 6, 7, 26, 27 and 28, would have instructed the jury that if they found negligence of another party in installing the mirror in question, that would have been a defense for the Appellant in this action. Under the facts as we have them in this case, the action concerns the failure of the defendant to provide a safe place for a business invitee. In our opinion, the independent contractor approach as a defense has no application.

Cause numbered 7N of the defendant's motion for a new trial was based on the trial court's refusal to give defendant's instruction numbered 19, to-wit:

"I instruct you, ladies and gentlemen of the jury, that the defendant, Deming Hotel Company, was not the insurer of the plaintiff's safety at the time and place alleged in the plaintiff's complaint."

There was not error in refusing the defendant's instruction number 19, since the subject matter was covered in plaintiff's instruction numbered 23, which correctly states the law as follows:

"Members of the jury, if you find by a preponderance of the evidence that the plaintiff was an invited guest of the defendant in the Dining Room of the Deming Hotel on the 8th day of November, 1959, then in that event, the defendant impliedly held out to the plaintiff that except for unknown defects in said building not discoverable by the exercise of reasonable and ordinary care on the part of the defendant, that said place in said building was a safe place.

"You are instructed that if you find by a preponderance of the evidence that plaintiff was an invited guest in the Gourmet Room of the Deming Hotel on November 8, 1959, and during the time plaintiff in said building as such guest, being without fault, she was injured by a plate glass mirror which fell from the side of a pillar located in the dining room and was injured thereby, and you further find by a preponderance of the evidence that defendant in the exercise of reasonable and ordinary care under the circumstances existing at said time and place could and should have prevented the falling of said mirror and avoided injury to the plaintiff, and that said failure of defendant to exercise reasonable or ordinary care was the proximate cause of injury of plaintiff, then I instruct you that you should find for the plaintiff."

See *Greenwalt* v. *State, supra; Byrd* v. *State* (1965), 246 Ind. 255, 4 Ind. Dec. 642, 204 N. E. 2d 651; *Hardin* v. *State* (1964), 246 Ind. 23, 4 Ind. Dec. 13, 201 N. E. 2d 333; reh. den., 246 Ind. 23, 4 Ind. Dec. 144, 202 N. E. 2d 164.

Causes numbered 7G, 7H, 7I, 7J, 7K, 7L, 7M, 7Q and 7U, of the motion for new trial allege as error the refusal of the trial court to give certain other of the defendant's instructions which instructions concerned the element of foreseeability as a defense. Again, applying the doctrine of *res ipsa loquitur* to the facts as they were presented at the trial, we find no error in the trial court's refusing these tendered instructions.

Causes numbered 8A and 8I, of the motion for new trial allege as error the trial court's giving of plaintiff's instructions numbered 3 and 22 which related to the application of the doctrine of *res ipsa loquitur*. In light of our discussion herein on the application of *res ipsa loquitur*, we are of the opinion that no error was committed by the trial court in giving these instructions to the jury. Furthermore, the concept of permissive inference is correctly stated in plaintiff's instructions numbered 3 and 22 as follows:

### Plaintiff's Instruction number 3.

"If you find from a preponderance of the evidence that the defendant had continuous custody, management and control of the Deming Hotel dining room from the time of the installation of the mirror in question until and including the 8th day of November, 1959, and that on that day while Adelaide Prox was an invitee on the part of the premises where she was invited, the plate glass mirror fell on her, without fault on her part, and proximately caused injury to her as alleged in her complaint, then the Court instructs you *that you have the privilege of inferring from the falling of the mirror that it would not have fallen without the existence of negligence on the part of the defendant.*

"The Court further instructs you that if you find, from a preponderance of the evidence, *that such an inference of negligence should be drawn from the mere fact that the mirror fell, that inference, like any other inference* reasonably drawn from facts proved, should be weighed as evidence, together with all of the other evidence in the case. After so weighing the evidence, you should then return a verdict for the plaintiff if you find that the evidence preponderates in her favor, and if you find from a preponderance of the evidence that defendant's negligence did in fact proximately cause the injury of Adelaide Prox" (our emphasis).

### Plaintiff's Instruction number 22.

"The defendant's answer to the plaintiff's complaint admits that it operated the dining room in question on November 8, 1959, and for a long time prior thereto. Defendant's answer also admits that a mirror 42 inches wide and 7 feet tall fell from a pillar at said time and place striking and injuring the plaintiff.

"In certain other instructions I have told you that the plaintiff must prove that the defendant was negligent, and that the plaintiff must prove those material parts of her complaint not admitted by the defendant's answer.

"On the other hand I have told you in these instructions that if you find from a preponderance of the evidence that the plaintiff, Adelaide Prox, without any act or omission on her part, was injured by the mirror which was in the exclusive possession and control of the defendant, you would be permitted to draw an inference that the defendant was negligent from the mere fact that it fell under such circumstances.

"Now I further instruct you that if after weighing all of the evidence you find that you should draw an inference that the defendant was negligent from the mere fact that the mirror fell, and if you further find from a preponderance of the evidence that the inferences of negligence so drawn has not been met or overcome by other evidence in the case, then I instruct you that the plaintiff would not need to make any proof of negligence on the part of the defendant. In such case, the facts admitted in the defendant's answer would be sufficient to permit the inference of negligence without further proof, providing only that you further find from a preponderance of the evidence that the defendant was in the exclusive possession and control of the mirror which fell" (our emphasis).

Cause numbered 8D of the motion for new trial alleged as error the trial court's giving of plaintiff's instruction number 12, which concerned the right of a business invitee to ▮ assume the safe conditions of the premises he enters. We find no error in the giving of this instruction since it was within the issues raised in the case by the pleadings and the evidence.

Cause numbered 8E of the Appellant's motion for a new trial alleged as error the trial court's giving of plaintiff's instruction numbered 16, which concerned an agency relationship between the architect and the Deming Hotel Company. Appellant cites the case of *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365, as authority for the proposition that an owner who has his plans drawn by an architect is not liable for his negligence in preparing the plans.

This objection was not raised at the trial, however, and therefore is waived under Rule 1-7 (2) of the Rules of the Supreme Court. At the trial, the Appellant complained that instruction number sixteen was outside the issues, and secondly that it erroneously invaded the province of the jury by "determining such agency as a question of law rather than leaving the determination of same to a finding by the jury from a preponderance of the evidence."

It is evident from what has been said that at the trial appellant complained that plaintiff's instruction numbered 16 was erroneous because it did not submit the question of agency for the jury's determination as a matter of fact. Now, on appeal the complaint is that there was no agency as a matter of law. In *Keeshin Motor Express Co., Inc.*, v. *Sowers* (1943), 221 Ind. 440, 446, 48 N. E. 2d 459, 461, the Supreme Court, in considering this question said:

> "The objections now urged by appellant and set forth in its brief were not made to the trial court prior to the argument. Rule 1-7 of the Rules of the Supreme Court, 1940 Revision, expressly provides that where objections to the giving of instructions are not so made to the trial court they shall not be available on appeal. Counsel for appellant insist that they made a good faith effort to comply with this rule and that, therefore, the objections which they now make should be considered. The purpose of the rule is to point out errors in the instructions to the trial court so that they may be corrected and avoid the necessity of another trial. *Objections made to the trial court which do not mention the point on which the appellant later relies, or which are so general as not to point out any particular objection, cannot be considered sufficient to accomplish the purpose of the rule*" (emphasis supplied).

Appellant's objection at the trial, to the effect that the plaintiff's instruction number 16 was outside of the issues was not briefed by the Appellant and is, therefore, waived. *Thompson* v. *Pickle* (1963), 136 Ind. App. 139, 191 N. E. 2d 53; *Terrey et al.* v. *Brinckman, et al.* (1963), 135 Ind. App. 479, 194 N. E. 2d 760.

For all of the reasons hereinabove set out, the judgment of the trial court is affirmed.

Carson, C. J., Faulconer and Prime, JJ., concur.

NOTE.—Reported in 236 N. E. 2d 613.