**Harry E. EADS and Robert E. Hooser, Appellants (Defendants Below),**

v.

**Kristie L. HILL, in her Official Capacity as Corporation Counsel for the Consolidated City of Indianapolis and Marion County, Indiana, Appellee (Plaintiff Below).**

No. 49A02–8902–CV–35.

Court of Appeals of Indiana,
Second District.

Dec. 5, 1990.

Tommy L. Strunk, Indianapolis, for appellants.

Andrew P. Wirick, Asst. Corp. Counsel, City–County Legal Div., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Harry E. Eads and Robert E. Hooser appeal the trial court's judgment declaring the Adult Relaxation Center an indecent nuisance, perpetually enjoining its operation, perpetually enjoining Eads and Hooser from operating any indecent nuisance, ordering the real estate upon which the relaxation center is located closed for any purpose for one year, and ordering the personal property in the relaxation center removed within one week, all pursuant to an action initiated by the Consolidated City of Indianapolis and Marion County, Indiana (City) under the Indecent Nuisance Act, IC 34–1–52.5–1 et seq. (1988).

We affirm.

## ISSUES

1. Whether the trial court erred in denying Eads and Hooser's Motion to Strike Hooser's initial response to City's Request for Admissions.

2. Whether the trial court erred in denying Eads and Hooser's Motion for Sanctions.

3. Whether the trial court erred in finding Hooser is owner of an interest in the relaxation center within the meaning of IC 34-1-52.5-2 (1988).

4. Whether procedures in IC 34-1-52.5-4(b) and (c) (1988) impermissibly conflict with Ind. Trial Rules 4.1, 4.7, 6(B), 6(C), 53.5 or 76.

5. Whether IC 34-1-52.5-4(e) (1988) violates Eads and Hooser's Fourth or Fourteenth Amendment rights.

6. Whether the evidence is sufficient to establish Eads and Hooser knowingly own an interest in a place upon which an indecent nuisance is conducted, permitted, continued or exists.

## FACTS

On September 16, 1988 City filed a verified complaint against Eads and Hooser for injunctive relief from an indecent nuisance. City alleged the relaxation center constituted an indecent nuisance because six (6) separate acts of prostitution occurred on the premises between March 3, 1987 and September 16, 1988. The trial court issued a temporary order restraining the removal of any personal property from the relaxation center and set a hearing on the request for a preliminary injunction for September 22, 1988. Eads and Hooser received more than five (5) days notice of the hearing. On September 20, 1988 Eads and Hooser appeared by counsel and filed a motion for continuance of the preliminary injunction hearing. The trial court granted the continuance and a preliminary injunction enjoining the use of the relaxation center for any use until a decision on the merits of the verified complaint. A hearing was held on the request for a permanent injunction on December 2, 1988. On December 12 the trial court declared the relaxation center an indecent nuisance, perpetually enjoined its operation, ordered the real estate upon which the center was located closed for any purpose for one year, ordered the personal property removed within one week, and perpetually enjoined Eads and Hooser from maintaining and operating any other indecent nuisance.

Eads and Hooser appeal.

## DISCUSSION

### I.

Eads and Hooser claim the trial court erred in denying their Motion to Strike Hooser's initial response to City's Request for Admissions that accompanied the complaint and summons. Although Hooser's attorney entered his appearance on September 20, 1988, Hooser answered the requested admissions on or about September 29, 1988 without the advice of his counsel. Thereafter, Hooser's counsel moved to strike the answers and objected to the answers when City offered them into evidence during the trial. The Motion to Strike was denied and the objection overruled. Later, during Eads and Hooser's case in chief, Hooser introduced into evidence the answers he prepared with advice of counsel.

■ It is within the discretion of the trial court to permit answers to admissions to be withdrawn or amended "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admissions fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." Ind. Trial Rule 36(B). Both conditions must be satisfied before withdrawal is appropriate. *Gary Municipal Airport Authority District v. Peters* (1990), Ind.App., 550 N.E.2d 828; *Stewart v. Stewart* (1987), Ind.App., 506 N.E.2d 1132. We will reverse the denial of a motion to withdraw admissions only for an abuse of discretion. *Gary Municipal Airport.*

■ Hooser failed to make any showing the withdrawal or amendment of the admissions would assist in reaching a just resolution of the action on the merits. Neither the Motion to Strike, the objection, nor Appellants' Brief argues or makes any showing that withdrawal was appropriate to subserve the merits of the action. Therefore, the trial court properly concluded Hooser failed to meet the burden placed upon him by T.R. 36(B).

Eads and Hooser also claim the trial court erred in overruling Hooser's Motion to Strike because Hooser responded under the mistaken belief he had to respond to the Request for Admissions. Hooser's belief was not mistaken; T.R. 36(A) required Hooser to respond or deem the matter admitted.[1]

The trial court appropriately exercised its discretion when it denied Eads and Hooser's Motion to Strike Hooser's filed response to City's Request for Admissions.

## II.

■ Eads and Hooser claim the trial court erred when it denied their Motion for Sanctions in which they sought to exclude evidence of the acts of prostitution alleged in City's complaint on the grounds City willfully disobeyed the Request for Discovery. Whether sanctions should be imposed for a party's failure to comply with discovery is committed to the sound discretion of the trial court. *Stout v. A.M. Sunrise Const. Co., Inc.* (1987), Ind.App., 505 N.E.2d 500.

■ Eads and Hooser filed a request for City to produce by October 17, 1988 documents it intended to use as evidence concerning alleged acts of prostitution at the relaxation center by those persons named in the verified complaint. Hooser filed a Motion for Sanctions against City on November 30, 1988 because City had failed to produce copies of judgments in the prostitution prosecutions. The trial court denied the motion.

There is no error. Only one of the prostitution charges had been adjudicated at the time of Eads and Hooser's trial on December 2, 1988. Eads and Hooser were advised and provided with the judgment of conviction as soon as it was available. Thus the record is devoid of any evidence the City willfully disobeyed the Request for Production or that Eads and Hooser were prejudiced by any delay.

The trial court used sound discretion in denying Eads and Hooser's Motion for Sanctions.

## III.

The next argument involves the question whether Hooser is an owner of the relaxation center within the meaning of that term as it appears in IC 34–1–52.5–2 (1988), the statute enumerating the persons who may be enjoined from maintaining a nuisance.

A person who uses, occupies, establishes, maintains, or conducts a nuisance and the owner, agent, or lessee of any interest in any such nuisance together with the persons employed in a nuisance is guilty of maintaining a nuisance and shall be enjoined as provided in this chapter.

IC 34–1–52.5–2 (1988).

Hooser argues he is not an owner under the substantial equity theory as it applies to land contracts. *See Skendzel v. Marshall* (1973), 261 Ind. 226, 301 N.E.2d 641, *cert. denied* (1974), 415 U.S. 921, 94 S.Ct. 1421, 39 L.Ed.2d 476. Hooser sold the real estate to Eads on an installment contract on August 3, 1987 and since then Eads has acquired substantial equity in the real estate.

■ Even though the vendee under an installment sale contract obtains equitable title and is vested with possession of the real estate, the vendor retains legal title to the real estate. *Skendzel.* Thus, Hooser owned *an* interest in the relaxation center, i.e., the legal interest, at the time of these proceedings. Hooser's legal title to the subject real estate brings Hooser within the parameters of Indiana's Indecent Nuisance Act.

The trial court properly determined Hooser was a proper party to City's action.

## IV.

■ Eads and Hooser claim the Indecent Nuisance Act contains procedures that impermissibly conflict with the Indiana Trial

---

1. Eads and Hooser's claim the trial court's action deprived them of due process under the Fourteenth Amendment is waived. The claim is a bare assertion, totally unsupported by argument or rationale.

Rules. They correctly observe procedural rules take precedence over conflicting statutes. IC 34–5–2–1 (1988); *Augustine v. First Federal Savings and Loan Association of Gary* (1979), 270 Ind. 238, 384 N.E.2d 1018. However, the conflicts they assert do not exist.

■ They first claim IC 34–1–52.5–4(b) conflicts with Ind. Trial Rules 4.1 and 4.7. Section 4(b) provides the manner of service of the restraining order; T.R. 4.1 and 4.7 provide the manner of service of an initial complaint and summons. The subject matter is different; there is no conflict.

■ Next, Eads and Hooser claim the five (5) day notice provision in IC 34–1–52.-5–4(c) is invalid because Ind. Trial Rule 6(C) allows a defendant twenty (20) days to file a responsive pleading. Ind. Trial Rule 65(A)(4) states a responsive pleading is not required to an application for a preliminary injunction. Therefore, section 4(c) does not conflict with T.R. 6(C).

■ Finally, Eads and Hooser argue the provision in IC 34–1–52.5–4(c) that requires the trial court to grant the preliminary injunction as a matter of course if the defendant moves for a continuance or a change of venue or judge conflicts with Ind. Trial Rules 6(B), 53.5 and 76. T.R. 6(B) does not conflict because it concerns enlargement of time to do an act required or allowed by the rules; it does not address continuances of hearing or trial dates. The other rules also do not conflict. The grant of the preliminary injunction does not change the procedures or the right to a continuance or to a change of venue or judge. In fact, in the instant case, the trial court granted Eads and Hooser's Motion for Continuance; they never requested a change of venue or a change of judge.

There is no conflict between any of the Indiana Trial Rules and IC 34–1–52.5–1 et seq.

## V.

■ Eads and Hooser generally claim the trial court erroneously denied their Motion to Dismiss City's complaint on the grounds IC 34–1–52.5–1 et seq. violates the Fourth and Fourteenth Amendments to the United States Constitution. In particular, Eads and Hooser attack the section which reads:

If at the preliminary injunction hearing the plaintiff proves by a preponderance of the evidence that the nuisance exists as alleged in the complaint, the court shall issue a preliminary injunction, without additional bond, restraining the defendant and any other person from continuing the nuisance. If at the time of granting a preliminary injunction it further appears that the person owning, in control, or in charge of the nuisance so enjoined had received five (5) days notice of the hearing, then the court shall declare a temporary forfeiture of the use of the real property upon which the nuisance is located and the personal property located at the site and shall immediately issue an order closing the place against its use for any purpose until final decision is rendered on the application for a permanent injunction unless the person owning, in control, or in charge of the nuisance shows to the satisfaction of the Court, by competent and admissible evidence subject to cross-examination, that the nuisance complained of has been abated by the person.

IC 34–1–52.5–4(e).

Eads and Hooser assert the five (5) day notice requirement violates their rights under the Fourth Amendment because the statute does not set forth sufficient administrative standards to conduct a search and seizure of the property as required by *Michigan v. Tyler* (1978), 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486.

The trial court properly concluded otherwise. The statute conditions the grant of a preliminary injunction and an accompanying temporary forfeiture upon the standard of the City proving "by a preponderance of the evidence that the nuisance exists as alleged in the complaint." IC 34–1–52.5–4(e). Proof of the merits of the case by a preponderance of the evidence is a sufficient standard under any test. Further, evidence meeting that standard may be produced at an adversarial hearing or, in

the event the preliminary injunction is granted as a matter of course under section 4(c) because a defendant's motion for continuance is granted, in the form of an uncontroverted verified complaint.

■ Eads and Hooser also claim their Fourth Amendment rights were violated by the order in the preliminary injunction temporarily forfeiting their use of the premises upon which the relaxation center was located and the personal property located at the site. Apparently, they are claiming there was no basis for the forfeiture because City's inadequately verified complaint failed to establish the existence of the nuisance [2] by a preponderance of the evidence. City's complaint was verified by a City attorney rather than by investigating police officers.

■ There is no merit to this argument. As previously discussed, City's complaint was verified. A verified complaint, unrefuted and standing alone, is sufficient to establish the existence of the nuisance by a preponderance of the evidence. That standard is more restrictive that the Fourth Amendment standard that allows for seizure based upon sufficient information presented to a neutral magistrate to establish probable cause. *Illinois v. Gates* (1983), 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527. In addition, without considering the merits of this argument, any error would be unavailing. The remedy for a seizure in violation of the Fourth Amendment is the exclusion of any evidence ob-

tained as a result of the illegal seizure. At no time did Eads and Hooser ever seek exclusion of any evidence. Indeed, the record is devoid of any evidence obtained as a result of any seizure.

■ Finally, Eads and Hooser claim the temporary forfeiture violates the Fourteenth Amendment because IC 34–1–52.5–1 et seq. does not apply to all businesses in the State of Indiana and thereby denied them equal protection of law. This argument is without merit. The terms of the Indecent Nuisance Act apply to any place regardless of the business, upon which a nuisance is conducted, permitted, continued or exists. *See* IC 34–1–52.5–1.

■ The trial court did not err in denying Eads and Hooser's motion to dismiss.[3]

## VI.

Eads and Hooser claim the evidence is insufficient to support the trial court's finding they were knowing owners of an interest in the relaxation center.

■ The evidence construed most favorably to the findings is that Eads was purchasing the real estate from Hooser, that Eads told Deputy John Layton when Layton served the restraining order on him that "I'm going to get out of this business," (Record at 158), that he was seen regularly entering, leaving and on the property at all hours of the day and night doing such things as carrying tools, Pepsis and beer, moving equipment, emptying trash

---

**2.** IC 34–1–52.5–1(a)(1) (1988) provides that "nuisance" means "any place in or upon which prostitution (as described in IC 35–45–4) is conducted, permitted, continued, or exists, and the personal property and contents used in conducting and maintaining the place for such a purpose."

**3.** Eads and Hooser's only statement pertaining to any First Amendment claim is contained in the statement that "the Trial Court erred in overruling the Defendant's [sic] Motion To Dismiss for the reason that the provisions of Indiana Code 34–1–52.5–1 et seq. violates the Defendant's [sic] rights under the First, Fourth and Fourteenth Amendments to the Indiana Constitution." Appellants' Brief at 17. We deem any First Amendment argument waived. *See* Ind. Appellate Rule 8.3(A)(7). Although Eads and Hooser do not make a constitutional challenge to IC 34–1–52.5–4(c) it should be not-

ed due process does not require a defendant in every civil case actually have a hearing—only the opportunity for a hearing after adequate notice. *Boddie v. Connecticut* (1971), 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113. Five (5) days notice does not appear *per se* unreasonable. In addition, subsection (e) provides the forfeiture shall be reconsidered if the "person owning, in control, or in charge of the nuisance shows to the satisfaction of the Court, by competent and admissible evidence subject to cross-examination, that the nuisance complained of has been abated by the person." IC 34–1–52.5–4(e). Also, IC 34–1–52.5–4(h) provides the owner may appear at any time prior to the permanent injunction hearing and apply for release of the real property. These procedures appear to provide post-deprivation due process.

cans, talking to employees, doing maintenance and collecting rent in cash from an employee. This evidence is sufficient to establish Eads owned an interest in a place upon which prostitution is conducted, permitted, continued or exists and that Eads knew of the activity.

The evidence supporting Hooser's ownership of an interest in the relaxation center with knowledge of its prostitution activity depends upon the reasonableness of the inference he knew the nature of the business based upon its general reputation.

IC 34–1–52.5–5(b) provides "evidence of the general reputation of the place is admissible for the purpose of proving the existence of said nuisance." Thus reputation evidence is admissible. IC 34–1–52.5–5(b) further provides general reputation evidence "is presumptive evidence that each person owning, in control of, or in charge of said nuisance knew the nuisance existed and used the place for an action described in section 1(a) of this chapter."

A presumption is "[a]n inference affirmative or disaffirmative of the existence of a disputed fact, drawn by a process of probable reasoning, from some one or more matters of fact, either admitted in the cause or otherwise satisfactorily established." *Deming·Hotel Company v. Prox* (1968), 142 Ind.App. 603, 613, 236 N.E.2d 613, 619. The due process clauses of the Fifth and Fourteenth Amendments set limits upon the power of the legislature to make the proof of one fact or group of facts evidence of the ultimate fact upon which guilt or liability is predicated. *Tot v. United States* (1943), 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519. A statutory presumption is sustainable only if there is a rational connection between the fact proved and the ultimate fact presumed; otherwise the presumption is impermissibly arbitrary. In the instant case, there is a rational connection between the fact proved, the general reputation of the relaxation center as a place of prostitution and the presumed fact, Hooser, as the owner of an interest in the place, knows of the acts of prostitution giving rise to its general reputation as a place of prostitution.

 Once admitted, the general reputation evidence shifted the burden of going forward with evidence he did not know the business of the relaxation center to Hooser. Had he offered such evidence, the presumption would have fallen. When the opponent of the presumption introduces evidence to the contrary, the presumption disappears. *Berger v. Peterson* (1986), Ind.App., 498 N.E.2d 1257; *Lenard v. Adams* (1981), Ind.App., 425 N.E.2d 211. However, Hooser did not offer any such evidence; therefore the presumption supports the trial court's determination Hooser owns an interest in the relaxation center with knowledge of the business conducted thereon.

Judgment affirmed.

BAKER and BUCHANAN, JJ., concur.